OPINION
Defendant-appellant, Gregory M. D'Eloia, Jr., appeals a decision by the Butler County Area III Court denying his motion to suppress evidence.
At the hearing on the motion to suppress, Officer Bradford Walraven of the Union Township Police Department testified as follows: At about 4:00 p.m. on September 28, 1996, Walraven was on patrol in Keener Park in Union Township when he noticed a car "parked off by itself" with all its windows closed except for the rear window on the passenger side. Walraven decided to check on the status of the car and approached it. While looking inside through the open rear window, he saw what appeared to be marijuana seeds on the floorboard. Walraven also noticed dark green leafy vegetation he believed to be marijuana "crumbled up" on the seat. Walraven then decided to wait and see if the occupant of the car returned.
Approximately thirty minutes later, appellant and two other individuals, with two dogs, returned to the vehicle, put the dogs in the back seat, and settled in the front seat of the car, with appellant sitting in the middle. Appellant had a cloth pouch hanging around his neck. Walraven approached the car, identified himself as a police officer, and asked appellant and his companions to get out of the car so he could check the car for more marijuana. As appellant got out of the car, Walraven noticed what appeared to be a marijuana pipe and a plastic baggie of marijuana sticking out of the pouch. With appellant's consent, Walraven took the pouch. He then proceeded to field test the contents of the pouch which turned up positive for marijuana. Appellant was thereafter placed under arrest.
Appellant was charged with possession of marijuana in violation of R.C. 2925.11 and possession of drug paraphernalia in violation of R.C. 2925.14. Following the denial of his motion to suppress, appellant entered a no contest plea to the charges and was found guilty on both charges. This appeal followed.
In his sole assignment of error, appellant argues that the trial court erred in denying his motion to suppress the marijuana and pipe seized from his person. Appellant argues that the warrantless search of his person, which produced the foregoing evidence, was neither justified as a search incident to a lawful arrest nor under the plain view doctrine.
The denial of a motion to suppress involves mixed questions of law and fact. When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of the witnesses. State v. Mills (1992), 62 Ohio St.3d 357,366, certiorari denied (1992), 505 U.S. 1227,112 S.Ct. 3048. Consequently, in its review, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. State v. Guysinger (1993),86 Ohio App.3d 592, 594. However, an appellate court determines as a matter of law, without deferring to the trial court's conclusion, whether these facts meet the applicable legal standard. State v. Klein (1991), 73 Ohio App.3d 486, 488.
The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution protect against unreasonable searches and seizures. Warrantless searches are per se unreasonable unless they fall within a judicially recognized exception. Katz v. United States (1967), 389 U.S. 347, 357,88 S.Ct. 507, 514. In State v. Akron Airport Post No. 8975 (1985),19 Ohio St.3d 49, 51, certiorari denied (1986), 474 U.S. 1058,106 S.Ct. 800, the Ohio Supreme Court listed the judicially recognized exceptions to the search warrant requirement in Ohio as (a) a search incident to a lawful arrest, (b) consent signifying waiver of constitutional rights, (c) the stop-and-frisk doctrine, (d) hot pursuit, (e) probable cause to search, and the presence of exigent circumstances, or (f) the plain-view doctrine.
In the case at bar, the trial court overruled appellant's motion to suppress on the basis that the warrantless seizure of the evidence fell under the plain view exception to the warrant requirement. It is well-established that for a seizure to be valid under the plain view doctrine, (1) the initial intrusion which permitted police to come into a position to view the object in question must be lawful, and (2) the incriminating nature of the viewed object must be immediately apparent. Horton v. California (1990), 496 U.S. 128, 136-137, 110 S.Ct. 2301,2307-2308. It is important to note that it is only the seizure of an object in plain view, and not the mere observation of the object, that implicates constitutional rights. Texas v. Brown (1983), 460 U.S. 730, 738, 103 S.Ct. 1535, 1541.
After thoroughly reviewing the record, we find that the trial court properly denied appellant's motion to suppress for the following reasons. It is undisputed that Walraven was in a place where he had the right to be; i.e., a public park, when he noticed the car with all but one window closed. See State v. Lang (Dec. 24, 1996), Hamilton App. Nos. C-950912, C-950927, unreported. By parking the car in the public park, its occupants, including appellant, shed their expectation of privacy as to the exterior of the car and so much of its interior as could be readily viewed from the public street. United States v. Diaz (C.A. 6, 1994), 25 F.3d 392, 396.
This is so because "[w]hat a person knowingly exposes to the public, even in his own home or office, is not a subject ofFourth Amendment protection." Katz, 389 U.S. at 351,88 S.Ct. at 511. Although a person can maintain a reasonable expectation of privacy in an automobile, this expectation of privacy is diminished. Cardwell v. Lewis (1974), 417 U.S. 583, 590,94 S.Ct. 2464, 2469. Thus, Walraven's subsequent view of the interior of the car and his observation of the marijuana seeds and leaves in the car on a public street without physical intrusion did not constitute a search. Diaz, 25 F.3d at 396.
Walraven's observation of the marijuana in the car in turn provided him with the necessary probable cause to ask the occupants of the vehicle, once they had returned, to exit the car so he could check, that is, search, the car for additional marijuana.
The automobile exception to the warrant requirement permits the warrantless search of an automobile if there is probable cause to believe that it contains contraband or other evidence of a crime and exigent circumstances necessitate a search or seizure. Mills, 62 Ohio St.3d at 367, citing Chambers v. Maroney (1970), 399 U.S. 42, 90 S.Ct. 1975. The mobility of the vehicle normally creates the exigent circumstances that justify an immediate search or seizure. Mills, 62 Ohio St.3d at 367. Walraven's plain view observation of the marijuana in the car provided the probable cause to believe he would find more contraband in the car.
As appellant was getting out of the car, Walraven noticed what appeared to be a marijuana pipe and a plastic baggie of marijuana sticking out of the pouch appellant was wearing around his neck. We find that the subsequent warrantless seizure of appellant's pouch and its contents fell within the plain view exception to the warrant requirement. It is uncontested that the events leading up to appellant getting out of the car placed Walraven in a lawful position to observe the marijuana pipe and vegetation sticking out of the pouch. Thus, the first prong of the Horton test is met.
Appellant argues, however, that the incriminating nature of the items viewed was not immediately apparent as required under the second prong of the Horton test. We disagree.
The "immediately apparent" requirement of the plain view doctrine is satisfied "when police have probable cause to associate an object with criminal activity," State v. Halczyszak (1986),25 Ohio St.3d 301, paragraph three of the syllabus, certiorari denied (1987), 480 U.S. 919, 107 S.Ct. 1376. The requisite probable cause "may arise from the character of the property itself." Id. at 304-305. In ascertaining the required probable cause to satisfy the "immediately apparent" requirement, police officers may rely on their specialized knowledge, training and experience. Id. at 307, citing Brown, 460 U.S. 730,103 S.Ct. 1535.
In the case at bar, Walraven testified that for almost all the six years he had been a police officer, he had worked in "special operations," primarily drug operations, which required special training. Walraven further testified that he had been an agent for the Drug Abuse Task Force for about one year and that he had gone to the "DEA Drug School" where he learned to identify and test drugs, including "the one [drug they] run into the most," marijuana.
In light of the foregoing testimony and Walraven's observation of marijuana seeds and leaves in the car, we find he had probable cause to associate the objects sticking out of appellant's pouch with criminal activity. As such, the "immediately apparent" prong of the Horton test was met.
We therefore find that the trial court properly denied appellant's motion to suppress. Appellant's sole assignment of error is overruled and the judgment of the trial court is affirmed.
POWELL, P.J., and WALSH, J., concur.