OPINION
Appellant Jason Lallo is appealing the decision of the Stark County Court of Common Pleas, Juvenile Division, that denied his motion to suppress and found him guilty of allowing underage persons to possess or consume beer. The following facts give rise to this appeal.
On June 5, 1997, at approximately 7:30 p.m., Jeffrey Paul Green telephoned the Jackson Township Police Department and reported that a number of juveniles were at the appellant's residence consuming acid, marijuana and beer. Following the telephone call, Detective Kneffler, Detective Snyder and Lieutenant Wilson went to appellant's residence. Upon arriving at the residence, the officers parked their vehicles and observed appellant's residence for approximately twenty minutes.
Detective Kneffler testified, during this time period, he observed beer bottles on the front porch of the residence and through a window, he could see juveniles sitting inside the residence with beer bottles beside them. Tr. Suppression Hrng. at 34. However, he did not observe any juveniles drinking alcohol or taking drugs. Based upon their observations and the telephone call, the officers decided to "knock and talk".
Upon approaching the residence, Lieutenant Wilson went to the porch, opened the closed door to the porch and entered the porch, without knocking and without consent from the residents. After the officers entered the porch, some juveniles entered the porch area. The officers stopped the juveniles and talked to them. The officers smelled marijuana and alcohol on their breath. Detective Wilson testified that he did not smell marijuana or alcohol while they were observing the juveniles outside the residence because the door to the porch was closed. Id. at 51.
After talking to the juveniles on the porch, the officers walked through an open door between the porch and the residence and entered the living room. Upon entering the residence, the officers called out for appellant who was in the basement. The officers entered the basement and discovered beer bottles and smelled marijuana. The officers arrested appellant charging him with contributing to the delinquency of minors for permitting juveniles to consume marijuana and beer at his residence.
Appellant filed a motion to suppress based upon the search conducted by the Jackson Township Police Department, on August 25, 1997. The trial court overruled appellant's motion on October 21, 1997. The state amended the charge of contributing to the delinquency of a minor to allowing underage persons to possess or consume beer. Appellant entered a plea of no contest. The trial court found appellant guilty and sentenced him accordingly.
Appellant timely filed a notice of appeal and sets forth the following assignment of error for our consideration:
 I. THE FAILURE OF THE TRIAL COURT TO GRANT THE MOTION OF THE ACCUSED TO SUPPRESS AT TRIAL EVIDENCE OBTAINED BY OFFICERS OF THE JACKSON TOWNSHIP POLICE DEPARTMENT VIOLATES THE RIGHTS OF THE ACCUSED AS GUARANTEED BY THE FOURTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.
 I
Appellant contends, in his sole assignment of error, the trial court should have granted his motion to suppress based upon an illegal search conducted by the Jackson Township Police Department. We agree.
In his appeal, appellant challenges the trial court's findings of fact. In reviewing a challenge of this nature, we must determine whether said findings of fact are against the manifest weight of the evidence. See State v. Fanning (1982),1 Ohio St.3d 19; State v. Klein (1991), 73 Ohio App.3d 486; State v.Guysinger (1993), 86 Ohio App.3d 592. There is no dispute in this case that prior to the officers entering appellant's residence, they did not have in their possession a search warrant nor did they receive consent from the occupants of the residence. Further, the officers did not knock on the porch door or the door between the porch and the living room prior to entering.
Therefore, in order for the officers to legally enter appellant's residence, one of the following judicially recognized exceptions must apply:
1. A search incident to a lawful arrest;
 2. Consent thereby signifying a waiver of their constitutional rights;
3. The stop and frisk doctrine;
4. Hot pursuit;
 5. Probable cause to search and the presence of exigent circumstances; or
 6. The plain view doctrine. State v. Akron Airport Post 8975 (1985), 19 Ohio St.3d 49, 51.
In its judgment entry, the trial court relied upon exceptions five and six in finding the officers were justified in expanding their search of the residence based on their knowledge that there were juveniles present in the residence who were drinking beer and smoking marijuana. Judgment Entry, Oct. 21, 1997, at 5-6. The trial court also determined that appellant had no reasonable expectation of privacy on the porch and therefore, the officers did not illegally enter appellant's residence. Judgment Entry, Oct. 21, 1997, at 4.
We find this case turns on the issue of whether appellant had a reasonable expectation of privacy as it pertains to the area of his porch. In Stone v. Stow (1992), 64 Ohio St.3d 156, 163-164, the Ohio Supreme Court explained that "[i]n order for a party to succeed in challenging a search on Fourth Amendment grounds: (1) that party must have a subjective expectation of privacy in the object of the search, and (2) society must be prepared to recognize that expectation as reasonable."
In the case sub judice, the trial court found appellant did not have a reasonable expectation of privacy as it pertained to the front porch of his house because "* * * [a] reasonable person could assume that the porch formed an entryway up to the front door and it would be reasonable for a person to enter or cross through that entryway to knock on the front door * * *." Judgment Entry, Oct. 21, 1997, at 4. We disagree with the trial court's review of the evidence.
We find appellant did have a reasonable expectation of privacy as it pertained to the porch of his residence. We believe the manner in which this porch was designed and constructed supports our conclusion. The trial court made the following findings of fact regarding the porch:
 The porch is approximately 10 feet by 20 feet. It is enclosed by windows and a screen door having two (2) glass panels (herein after "screen door"). The screen door was unlocked on the date in question. The windows have no curtains although two (2) have blinds. There is a wooden door between the porch and the house, but no wooden door behind the screen door (it had been removed because it was in disrepair). The doorbell on the exterior of the porch was and is not working. There is a mixture of patio and indoor furniture on the porch. There is electricity but no heat. From the picture (defendant's exhibit 1) the porch looks like a storage area. The dog's dishes are there. The indoor furniture is jammed together, in an unusual position for use, in the corner of the porch with a box sitting on the chair. A pair of boat oars are leaning up against the window. Judgment Entry, Oct. 21, 1997, at 2.
Due to the nature of the structure, we find the expectation of privacy pertaining to the porch was reasonable. The porch was entirely enclosed, with windows and a door. It has double hung pane windows with screens. Tr. Suppression Hrng. at 67. The porch is wired for electricity and has lamps and a telephone. Id. at 78. The porch also contains in-door furniture. Id. at 67. Appellant's father testified that he considers the porch a part of the residence and he does not lock the door that goes into the living room because he locks the porch door. Id. The fact that various items may be stored in this area, such as dog dishes, boxes and boat oars, does not alter the nature of the structure. The porch is enclosed, attached to the house and has a front door. Appellant clearly had an expectation of privacy as it pertains to the porch.
We also find the exceptions to the warrant requirement, cited by the trial court in its judgment entry, do not apply in the casesub judice. The officers merely acted upon a telephone call they received. Upon arriving at the residence, they did not observe any illegal activity nor were there any exigent circumstances present that required them to conduct a search without a search warrant. Further, the officers only observed the juveniles sitting inside the residence, with beer bottles beside them. Id. at 34. The officers did not testify that they observed any of the juveniles drinking beer or taking illegal drugs. The officers only observed illegal activity after they entered the porch of the residence.Id. at 40, 44, 55.
Appellant's sole assignment of error is sustained.
For the foregoing reasons, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is hereby reversed and remanded for proceedings consistent with this opinion.
By: Wise, J., Gwin, P. J., and Hoffman, J., concur.
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Court of Common Pleas, Juvenile Division, Stark County, Ohio, is reversed and remanded for further proceedings consistent with this opinion.