DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Willie Applewhite, Jr. was convicted of possession of cocaine, in violation of R.C. 2925.11(A)(C)(4)(d), by a jury in the Medina County Court of Common Pleas. He has appealed from that conviction.
Applewhite has asserted that (1) his counsel was ineffective because his counsel withdrew a motion to suppress evidence and failed to renew a motion for acquittal, pursuant to Crim.R. 29; (2) the verdict was against the manifest weight of the evidence; and (3) there was insufficient evidence to submit the matter to the jury.[1]
 I
At Applewhite's trial, the two officers involved in arresting Applewhite testified to the events that occurred on July 21, 1998. Officer Randall Reinke testified that he had been called to the neighborhood to investigate the theft of a bicycle. Individuals in the neighborhood reported that an unfamiliar man had been in the area that day visiting Tommy Frase, one of the residents of the neighborhood. A short time later, when Officer Reinke and another officer were knocking on Frase's door, a neighbor indicated to them that he believed that Frase was in a van that had just driven into the parking lot. According to Officer Reinke, the van drove "through the parking lot, went past our location, around the building and parked * * * out of our sight." Officer Reinke was unable to determine the number of passengers in the van as it drove by.
When Officer Reinke approached the van it had three occupants. Calvin Frazure, the individual in the front passenger seat, matched neighbor's description of the unfamiliar man. Applewhite was "just getting seated and situated in the driver's seat of the van" when Officer Reinke walked up. Officer Reinke verified that Applewhite was the owner of the van. After talking with the occupants of the van for a few minutes he asked permission to search. He describes the exchange as follows:
 I asked [Mr. Applewhite] some statements or asked him some questions about Mr. Frazure's story. I explained to him I was at the apartments, what I was investigating.
 And then at that point I asked him if he had any objections to me looking in his van, and he said no.
When he entered the van Officer Reinke noticed that, "Right out on the — plain view, on top [of the center console], was a bag of marijuana." Applewhite denied any knowledge of the marijuana, as did the other two occupants of the van. Officer Reinke then searched the remainder of the van and found two baggies of crack cocaine in the pocket on the back of the driver's seat. Again, all occupants of the vehicle denied knowledge of the crack cocaine.
Shortly thereafter, Applewhite volunteered that there was a guy named "Solo" who had also been in the van, but had run away when he parked it. He gave a "very, very vague description" of "Solo." Officer Reinke testified that later in the investigation Applewhite referred to the fourth occupant of the van as "Smokey." One of the other occupants of the van denied the presence of a fourth individual, and Officer Reinke did not recall asking the third occupant how many people had been riding in the van. Officer Reinke also testified that he had not seen anyone running from the van as he approached it. The second officer was not asked whether he saw anyone fleeing the van, but he testified that when he approached the van there were three individuals in or near it, in addition to Officer Reinke.
After Applewhite was arrested, Officer Reinke further examined the van. He indicated that Applewhite told him he had been living in the van. Officer Reinke described a makeshift bed that was in the back of the van, and was accompanied by bags of clothes and other possessions.
At the close of the state's case, Applewhite made a Crim.R. 29 motion. Applewhite presented no witnesses on his behalf. The matter was submitted to the jury following closing arguments by both sides.
During the pretrial stage, Applewhite made a motion to suppress "any and all evidence seized from the person of [the defendant] and/or automobile and surrounding areas at the time of his arrest herein" suppressed because the search of the van was "conducted without benefit of a search warrant, nor was said search bottomed on probable cause[.]" That motion was later withdrawn.
 II Ineffective Assistance of Counsel
In order to establish ineffective assistance of trial counsel, the appellant must establish that his counsel's performance fell below an objective standard of reasonable representation, and that this deficient performance resulted in prejudice to the appellant. Strickland v. Washington (1984), 466 U.S. 668,687-688, 80 L.Ed.2d 674, 693. Because the appellant must establish both factors, if either fails, the reviewing court will not reverse the judgment of the trial court. See State v.Bradley (1989), 42 Ohio St.3d 136, 142-143, certiorari denied (1990), 497 U.S. 1011, 111 L.Ed.2d 830.
1. Suppression of Evidence
Applewhite has asserted that his counsel was ineffective because he withdrew a motion to suppress evidence that was obtained as a result of the search of his van. In order to demonstrate that prejudice resulted from the withdrawn motion to suppress evidence, Applewhite needed to prove that his claim was meritorious and that there is a reasonable probability that the verdict would have been different, absent the evidence that might have properly been suppressed. Kimmelman v. Morrison (1986),477 U.S. 365, 375, 91 L.Ed.2d 305, 319.
Generally, warrantless searches are presumptively illegal and the fruits of those searches must be suppressed. See Mapp v. Ohio
(1961), 367 U.S. 643, 654-655, 6 L.Ed.2d 1081, 1089-1090; State v.Wilmoth (1986), 22 Ohio St.3d 251, 254-261. One of the recognized exceptions to that general rule occurs when a warrantless search is made with the consent of an individual who has authority over the premises searched. Schneckloth v. Bustamonte (1973),412 U.S. 218, 219, 36 L.Ed.2d 854, 858. The prosecution must prove that the consent was given voluntarily, in light of the totality of the circumstances. Id. at 248-249, 36 L.Ed.2d at 875. An additional exception to the warrant requirement applies when the evidence seized was in plain sight. State v. Williams (1978), 55 Ohio St.2d 82, paragraph one of the syllabus. For a warrantless "plain view" seizure to be lawful, it must be shown that "(1) the initial intrusion which afforded the authorities the plain view was lawful; (2) the discovery of the evidence was inadvertent; and (3) the incriminating nature of the evidence was immediately apparent to the seizing authorities." Id.
"In Carroll v. United States [(1925), 267 U.S. 132,69 L.Ed. 543], the Court held that a warrantless search of an automobile stopped by police officers who had probable cause to believe the vehicle contained contraband was not unreasonable within the meaning of the Fourth Amendment." U.S. v. Ross (1982),456 U.S. 798, 800, 72 L.Ed.2d 572, 578. In Ross, the United States Supreme Court defined the scope of a warrantless search of an automobile that was based on probable cause, rather than on a warrant. The scope of search of an automobile is "defined by the object of the search and the places in which there is probable cause to believe that it may be found." Id. at 824, 72 U.S. at 593.
In this case the police explained to Applewhite that they were in the area looking for a missing bicycle. After determining that Applewhite was the owner of the van, they requested his permission to search the van. The uncontradicted testimony of the Officer Reinke was that Applewhite gave his consent, without hesitation and without limitation. A search of a vehicle with consent of the owner is a valid search, and the fruits of the search are not suppressible. State v. Akron Airport Post No. 8975
(1985), 19 Ohio St.3d 49, 51, certiorari denied (1986),474 U.S. 1058, 88 L.Ed.2d 777.
Applewhite has contended that, in the context of the accompanying conversation, his consent was limited to a search for the missing bicycle. Even if his consent was limited, Officer Reinke lawfully entered the van to look for the bicycle. In looking for the bicycle, he could not have avoided seeing the bag of marijuana in plain view on the console. It was immediately apparent to Officer Reinke that the bag contained marijuana. The three components of a legitimate "plain view" seizure were satisfied with respect to the marijuana.
Still assuming Applewhite's consent was limited to a search for a bicycle, once Officer Reinke had discovered drugs in the van, he had probable cause to believe that more drugs would be found in the van. Pursuant to Ross, Officer Reinke was permitted to search the van for drugs. During that search, Officer Reinke discovered and seized two baggies of crack cocaine that were found in the pocket on the back of the driver's seat.
The search of Applewhite's van was not a violation of his Fourth Amendment rights. His consent to search either authorized the entire search, or authorized the initial entry that led to the "plain view" discovery of the marijuana, which gave probable cause for the remainder of the search. Because Applewhite's Fourth Amendment claim is not meritorious, no prejudice resulted from his counsel's withdrawal of the motion to suppress, whether or not that withdrawal represented deficient performance by counsel.
2. Failure to Renew Crim.R. 29 Motion
Once the state rested its case, Applewhite's counsel made a motion for acquittal, pursuant to Crim.R. 29. The court overruled the motion. Following that, Applewhite rested without presenting any evidence on his behalf. When a motion for acquittal is made after the prosecution has rested in a jury trial, the defendant must renew the motion at the close of all the evidence in order to preserve any error the court may have made in overruling that motion. Dayton v. Rogers (1979), 60 Ohio St.2d 162, 163, overruled on other grounds by State v. Lazzaro (1996), 76 Ohio St.3d 261
. While it is true that Applewhite would have had to renew his motion following the introduction of evidence on his behalf, in this case Applewhite did not introduce any evidence. His motion was made at the close of the all the evidence; therefore he was not required to renew it in order to preserve the asserted error for review. Because the asserted error was preserved for review, no prejudice resulted from the failure of Applewhite's counsel to renew his motion for acquittal.
 Summation
Because no prejudice has resulted from the acts that Applewhite has alleged were deficient, Applewhite has failed to establish a claim of ineffective assistance of counsel.
His first assignment of error is overruled.
 B. Manifest Weight
Applewhite has asserted that his conviction for possession of cocaine was against the manifest weight of the evidence. In determining whether the judgment was against the manifest weight of the evidence, we review the entire record, consider the credibility of the witnesses, weigh all the evidence, and make all reasonable inferences. State v. Thompkins (1977) 78 Ohio St.3d 380,387. To sustain Applewhite's assignment of error this court must find, in resolving conflicts in the evidence, that the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the judgment must be reversed and a new trial ordered. Id.
To convict Applewhite, the state was required to prove that he knowingly possessed cocaine. See R.C. 2925.11. In order to do so, it needed to establish that Applewhite either actually possessed the cocaine or that he did so constructively. See Statev. Pruitt (1984), 18 Ohio App.3d 50, 58. The definitions courts have used for constructive possession vary, but they include knowledge of the presence of the cocaine, and the ability to exercise control and dominion over it. See, e.g., State v. Butler
(1989), 42 Ohio St.3d 174, 176; State v. Hankerson (1982), 70 Ohio St.2d 87, syllabus, certiorari denied (1982), 459 U.S. 870,74 L.Ed.2d 130. The state was permitted to establish this possession by circumstantial evidence. Hankerson, 70 Ohio St.2d at 91-92. See, also, State v. Scalf (1998), 126 Ohio App.3d 614, 619-620.
Applewhite did not present any evidence on his behalf. The witnesses for the state did not present conflicting testimony. On review, the court must determine whether it was a manifest miscarriage of justice for the jury to conclude beyond a reasonable doubt from the state's evidence, including all reasonable inferences therefrom, that Applewhite knowingly possessed cocaine.
The testimony at trial, if believed, established that Applewhite was the owner of a van that he used for transportation, and in which he lived. The back area of the van contained a makeshift bed. When arrested, marijuana was found on the console immediately to the right of where Applewhite was sitting. Cocaine was found in the pocket on the back of the seat in which Applewhite was sitting. There were two other occupants of the van when Officer Reinke approached it. All three denied knowledge of either of the drugs. On questioning, Applewhite asserted that "Solo" had been with them in the van immediately prior to stopping and had fled, and that the cocaine must have been his. Applewhite could only vaguely describe "Solo" and later referred to him as "Smokey." Neither of the police officers saw anyone fleeing from the van. Neither of the other occupants confirmed Applewhite's story of a fourth passenger, and one directly contradicted it.
From this, it was reasonable for the jury to decide that Applewhite's statements about the fourth occupant of the van were not credible. They could reasonably have inferred that if Applewhite lied to the police about "Solo," he might have lied about other things. On that basis, they could reasonably have rejected his assertions that he knew nothing about the marijuana and the cocaine. That conclusion is supported by the fact that the marijuana was in plain sight to anyone occupying the driver's seat. It is also supported by the fact that the cocaine was found in a location that it would be reasonably easy for him to reach either from his position in the driver's seat or when using the van as a bedroom. The location of the cocaine was such that Applewhite had immediate access to it and the ability to control it.
In light of the evidence presented by the state, the jury determination that Applewhite knowingly possessed cocaine did not create such a manifest miscarriage of justice that this court must reverse the judgment of the trial court and order that a new trial be held. Applewhite's second assignment of error is overruled.
 Sufficiency of the Evidence
Applewhite has asserted that the trial court improperly overruled his motion for a directed verdict. Crim.R. 29 provides that a motion for acquittal should be granted if the evidence before a trial court is insufficient to sustain a conviction.State v. Feliciano (1996), 115 Ohio App.3d 646, 652. Necessarily included in this court's determination that the jury verdict was not against the manifest weight of the evidence, is a determination that the evidence was also sufficient to support the conviction. State v. Roberts (Sept. 17, 1997), Lorain App. No. 96CA006462, unreported, at 2-4.
Applewhite's third assignment of error is overruled.
 III
This court overrules Applewhite's first assignment of error because he has not demonstrated that he was prejudiced by the asserted deficiencies of his counsel. His second assignment of error is overruled because it was not against the manifest weight of the evidence for the jury to determine that he knowingly possessed cocaine. Because a determination that a judgment was not against the manifest weight of the evidence necessarily includes a determination that there was sufficient evidence to support the verdict Applewhite's third assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to Appellant.
Exceptions.
WILLIAM R. BAIRD, FOR THE COURT
CARR, J., WHITMORE, J., CONCUR.
[1] Applewhite assigned two separate errors related to ineffective assistance of counsel, which are combined as the first assignment of error here. In addition, the remaining two assignments of error are addressed in the reverse order from that assigned.