OPINION
Appellant Arthur Holden appeals his conviction, in the Stark County Court of Common Pleas, for one count of possession of cocaine. The following facts give rise to this appeal.
On April 24, 2000, at approximately 7:30 p.m., Canton City Police Officers James Meyers and Ryan Davis were dispatched, on a disturbance call, to the intersection of Eighth Street and Union Avenue in Canton. As Officers Meyers and Davis approached the scene, they observed two parked vehicles and approximately six to twelve people standing around the area of the parked vehicles. The officers also observed appellant sitting in the driver's seat of an illegally parked blue BMW with the engine running.
Officer Meyers approached appellant to cite him for the illegally parked vehicle. The vehicle was parked facing the wrong direction on Eighth Street, half on the road and half on the lot located at the intersection. Officer Meyers asked appellant to produce some identification. Appellant responded that he did not have any identification and that he did not need to produce any identification because he was only listening to music and was not operating the vehicle. Officer Meyers informed appellant that he was operating a motor vehicle since the engine was running. Appellant continued to refuse to produce any identification.
While Officer Meyers talked with appellant, Officer Davis checked both appellant's registration and information to determine whether he had a valid driver's license. The information revealed that appellant did not have a valid driver's license and that he also had an outstanding warrant for his arrest. Based upon this information, Officer Meyers arrested appellant. After placing appellant under arrest, Officer Meyers conducted a pat-down search of appellant's person and discovered a plastic baggie containing two rocks of crack cocaine in his front, left pants pocket. Officer Meyers also discovered cash in the amount of $152.
On May 3, 2000, the Stark County Grand Jury indicted appellant for possession of cocaine. Appellant entered a plea of not guilty at his arraignment. On May 24, 2000, appellant filed a motion to suppress on the basis that Officer Meyers did not have a reasonable and articulable suspicion to support a warrantless search of appellant's person. The trial court conducted a hearing on appellant's motion on June 5, 2000. The trial court overruled appellant's motion to suppress finding it was a valid search incident to arrest.
This matter proceeded to trial on June 28, 2000. Appellant testified, in his own defense, at trial. Appellant claimed he was merely seated in his BMW, listening to the radio, when Officer Meyers asked to see his driver's license. Appellant told Officer Meyers that he was not driving the vehicle and did not need to produce a driver's license. Appellant further testified that he did not have crack cocaine on his person and that the officers planted it on him. Following deliberations, the jury found appellant guilty as charged in the indictment. The trial court sentenced appellant to confinement in a state penal institution for a definite period of twelve months.
Appellant timely filed his notice of appeal and sets forth the following assignments of error for our consideration:
 I. THE JUDGMENT OF CONVICTION BY THE TRIAL COURT AND VERDICT OF THE JURY AS TO THE CHARGES CONTAINED IN THE INDICTMENT WERE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE (SIC)
 II. THE COURT ERRED IN FAILING TO GRANT DEFENDANTS (SIC) MOTION TO SUPPRESS (SIC)
 I
In his First Assignment of Error, appellant contends the jury's verdict finding him guilty of possession of cocaine is against the manifest weight of the evidence. We disagree.
In support of this assignment of error, appellant argues the state failed to prove each and every element of the offense of possession of cocaine and therefore, the jury's verdict was against the manifest weight of the evidence. On review for manifest weight, a reviewing court is to examine the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses and determine "whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." State v. Martin
(1983), 20 Ohio App.3d 172, 175. See, also, State v. Thompkins (1997),78 Ohio St.3d 390. The granting of a new trial "should be exercised only in the exceptional case in which the evidence weighs heavily against the conviction." Martin at 175.
Appellant claims the state was unable to prove the elements of the offense because the testimony of the officers differed substantially from each other and from the witnesses. The grand jury indicted appellant for a violation of R.C. 2925.11(A), which provides:
 (A) No person shall knowingly obtain, possess, or use a controlled substance.
Appellant contends the testimony differed substantially as to the number of persons observed by each officer as they arrived at the scene. Appellant also cites to the testimony of Officer Davis who first testified that he observed the search of appellant's person and later testified, on cross-examination, that his testimony about the search of appellant's person was based upon Officer Meyers' supplemental report. A defense witness, Andrew Brown, testified that he saw no search of appellant's person. Defense witness, Phillip Archie, testified that when the officers first arrived on the scene, they stated there was a complaint about drinking alcohol in the presence of children but that no children were present and only one person had alcohol. Appellant testified that he was out of the vehicle and was in the process of being handcuffed when the officers first asked him for a driver's license. Appellant also denied that he had any cocaine on his person.
Based upon our review of the record, we do not find the jury's verdict is against the manifest weight of the evidence. The discrepancies referred to by appellant are minor. Further, because appellant testified in his own defense, the jury had the opportunity to weigh his credibility in addition to the credibility of the witnesses presented by the state. In weighing the credibility of the witnesses, we do not believe the jury clearly lost its way in resolving conflicts in the evidence. The state proved every element of the charged offense based upon the testimony of its witnesses.
Appellant's First Assignment of Error is overruled.
 II
Appellant contends, in his Second Assignment of Error, that the trial court erred when it denied his motion to suppress. We disagree.
Appellant maintains, on appeal, that the officers used the flimsiest of excuses, a parking ticket, to bootstrap the situation to one that justified a stop, interrogation and arrest. Appellant's Brief at 12. Appellant essentially argues that the officers lacked a reasonable and articulable suspicion that he was engaged in criminal conduct and armed when the officers searched him.
In overruling appellant's motion to suppress, the trial court stated as follows, on the record:
 The motion to suppress is overruled. It's overruled because the Court finds the officer's testimony credible wherein Officer Meyers testified that he approached the defendant who was sitting in the driver's seat of a vehicle which was running and issued a ticket for the vehicle facing the wrong way on the side of the road.
 And at that point in time the Court finds that the officer was entitled to make inquiry and that there was nothing to suggest that the detention was unusually long, for an unusually long period of time.
 And when an officer is at a scene and he's properly there — as was the case in this particular case. They received a disturbance call. They went to the scene. And in furtherance of an investigation with respect to the disturbance call, they arrive at the scene. There are people in the area. As the Court previously said, they approach a vehicle which the officers testified is facing the wrong direction. They are permitted to make inquiry and follow-up to that particular stop and they are permitted to investigate.
 And once the officer was informed that the driver of the vehicle, in this case the defendant who was seated in the driver's seat, did not have a license, further inquiry was warranted. Tr. Suppression Hrng. at 39-40.
Appellant essentially challenges the trial court's findings of fact. In reviewing a challenge of this nature, we must determine whether said findings of fact are against the manifest weight of the evidence. SeeState v. Fanning (1982), 1 Ohio St.3d 19; State v. Klein (1991),73 Ohio App.3d 486; State v. Guysinger (1993), 86 Ohio App.3d 592.
The record indicates that Officer Meyers conducted the pat-down search of appellant after he was placed under arrest. Vol. I at 161-162. This was not a Terry pat-down search. Instead, this was a search incident to arrest which is a valid exception to the warrant requirement. See Statev. Akron Airport Post 8975 (1985), 19 Ohio St.3d 49, 51, certiorari denied 474 U.S. 1058. The trial court's decision to overrule appellant's motion to suppress was not against the manifest weight of the evidence.
Appellant's Second Assignment of Error is overruled.
For the foregoing reasons, the judgment of the Court of Common Pleas, Stark County, Ohio, is hereby affirmed.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Stark County, Ohio, is affirmed.
Pursuant to App.R. 24(A)(2), appellant shall pay costs in this matter.
 ______________________________ By: Wise, J.
Edwards, P. J., and Farmer, J., concur.