THE STATE OF OHIO, APPELLEE, *v.* AKRON AIRPORT POST NO. 8975, VETERANS OF FOREIGN WARS OF THE UNITED STATES, APPELLANT.

[Cite as State *v.* Akron Airport Post No. 8975 (1985), 19 Ohio St. 3d 49.]

(No. 84-1529—Decided August 9, 1985.)

*Harold K. Stubbs,* director of law, *Gary M. Rosen,* city prosecutor, and *Charles R. Quinn,* for appellee.

*Dworken & Bernstein Co., L.P.A., Howard W. Bernstein* and *Patrick J. Perotti,* for appellant.

*Climaco, Climaco, Seminatore & Lefkowitz Co., L.P.A.,* and *Mark R. DeVan,* urging reversal for *amici curiae,* Ohio Licensed Beverage Assn. et al.

DAHLING, J.   Appellant has submitted two propositions of law relative to its argument that the court of appeals erred in reversing the judgment of the trial court which granted appellant's motion to suppress.

These propositions are: (1) that under the facts of the instant case a search warrant was required; and (2) that R.C. 4301.10 does not allow a law enforcement officer, who does not have express authority from the Department of Liquor Control, to conduct a search as the one conducted herein.

Both propositions are with merit and are sustained.

Where there is no search warrant, the burden falls on the state to show that a search comes within one of the judicially recognized exceptions:

(a)   A search incident to a lawful arrest;

(b)   consent signifying waiver of constitutional rights;

(c)   the stop-and-frisk doctrine;

(d)   hot pursuit;

(e)   probable cause to search, and the presence of exigent circumstances; or

(f)   the plain-view doctrine.

In the case of *Carter* v. *State* (Fla. App. 1970), 238 So. 2d 681, the defendant was convicted of receiving stolen property, cases of stolen cigarettes, which law-enforcement officers, accompanied by a state beverage agent, recovered from the defendant's grocery store at a time when it was closed. The officers and the agent, after receiving a tip, entered the store with the owner, but without a search warrant, and sought to justify the search on the basis of the state's Beverage Law. On appeal, the appellate court rejected the state's contentions, holding at 683 that:

"* * *[T]he authority of a beverage agent to search the premises of a beverage licensee without a search warrant is restricted to occasions in which the beverage agent is acting in good faith 'in the enforcement of the beverage law and the cigarette tax law of this state, and in the prosecution of offenders against such laws.' "

See, also, *Finn's Liquor Shop, Inc.* v. *State Liquor Auth.* (1969), 24 N.Y. 2d 647, 658, 249 N.E. 2d 440, 445, where the court of appeals, ruling on a search without a warrant, comments:

"* * * No State may require, as a condition of doing business, a blanket submission to warrantless searches at any time and for any purpose. * * *"

Special attention is directed to the case of *State* v. *Williams* (1980), 84 N.J. 217, 417 A. 2d 1046, where detectives of the local police, without assistance from or authorization by the Division of Alcoholic Beverage Control ("ABC"), on a tip, and without a search warrant, entered a tavern which had been issued an ABC license, identified themselves to the bartender as police, and proceeded to search for a "stolen C.B. radio." While thus searching, they found lottery gambling material and revolvers. Defendant Williams was charged and convicted of possession of lottery materials, working for a lottery, and possession of revolvers without a permit; the trial court refused to grant his motion to suppress.

On appeal to the Superior Court Appellate Division, Williams' conviction was reversed and, on appeal by the state, the New Jersey Supreme Court affirmed the reversal by the appellate court.

The following well-documented observations by the New Jersey Supreme Court are noteworthy and persuasive:

"The State argues that the statute authorizes warrantless searches in the enforcement of the alcoholic beverage control laws, and that enforcement includes the investigation of crimes by local police without express authorization by State or local ABC boards." *Id.* at 223.

"* * * We reject as unsound the notion that persons doing business in a strictly regulated industry such as the liquor business waive their Fourth Amendment rights. *See* 3 *LaFave, Search and Seizure,* Section 10.2 at 237-238 (1978), * * *." *Id.* at 225.

"* * * Here, the conduct constituted a warrantless search by local detectives for evidence of a crime. N.J.S.A. 33:1—35 authorizes the Director of the Division of ABC and local ABC boards to investigate licensed taverns. In this case, the persons who made the search were not agents of either the State or a municipal ABC board. They were policemen, and they were looking for a stolen C.B. radio. As disclosed at the suppression hearing, for two days the officers had known about the stolen radio. Without either a warrant or authorization, they searched a tavern. There was no reason for them not to obtain either a warrant or an authorization. They obtained neither. A local law enforcement officer who relies on the ABC laws for authority to make a warrantless search must be authorized expressly to conduct that search. The search was invalid. See *Biswell, supra,* 406 U.S. at 315 * * *." *Id.*

"We conclude there is no statutory authority for a warrantless search of a tavern by local law enforcement officers conducting their own investigation of a crime without specific authorization. Further we conclude that the issuing authority in this case, the Paterson Alcoholic Beverage Control Board, had not authorized the search and that the police officers were not making an investigation while enforcing ABC laws." *Id.* at 226.

"To conclude, the Fourth Amendment to the United States Constitution generally prohibits a search undertaken without a valid warrant. An exception permits warrantless searches for offenses peculiar to the liquor

business, when authorized by statute. N.J.S.A. 33:1—35 does not allow searches by local law enforcement officers conducting a criminal investigation without specific authorization." *Id.* at 227.

We conclude that under the federal and Ohio constitutional standards, the search herein, having been conducted without a search warrant, was unreasonable and violated appellant's rights.

Appellant's second proposition of law is that R.C. 4301.10 does not allow a law-enforcement officer, who does not have express authority from the Department of Liquor Control, to conduct a search as the one conducted herein.

R.C. 4301.10 provides in part:

"(A)  The department of liquor control shall:

"\* \* \*

"(6)  Inspect, upon demand, the books, accounts, records, memorandums, and place of business of any person subject to Chapters 4301 and 4303 of the Revised Code or the laws relating to the manufacture, importation, transportation, distribution, and sale of beer and intoxicating liquor, and the sale of alcohol;

"(7)  *Delegate to any of its agents or employees* any power of investigation which the department possesses and the powers of police officers *with respect to the enforcement of any of the penal laws relating to beer and to intoxicating liquor* \* \* \*." (Emphasis added.)

In construing the scope of R.C. 4301.10, the courts have regularly held it to allow inspection by the Department of Liquor Control, as well as by its authorized agents. In *Solomon* v. *Liquor Control Comm.* (1965), 4 Ohio St. 2d 31, 35 [33 O.O.2d 339], the Supreme Court stated:

"\* \* \* [T]he terms of the statute quoted above [R.C. 4301.10] are sufficiently broad and comprehensive to allow agents of the Department to enter the business premises of a permit holder to determine whether in the operation of his business he is complying with the laws and regulations governing that business. \* \* \*"

In *State, ex rel. Argonne Post No. 545,* v. *Bd. of Liquor Control* (1953), 131 N.E. 2d 245, 254, the Court of Appeals for Franklin County adopted the analysis of the trial judge, holding:

" 'Anyone granted a permit is subject to all the Department's regulations which are applicable to him and an inspection of the permit premises without a search warrant is not a violation of any of his constitutional rights. The moment he becomes a permit holder his permit premises are no longer private and the law against search without warrant has no application with respect to investigations \* \* \* [by] the Liquor Department.' "

Likewise, the court in *Broadway Enterprise, Inc.* v. *Bd. of Liquor Control* (1964), 1 Ohio App. 2d 470, 477 [30 O.O.2d 455], quoted 31 Ohio Jurisprudence 2d 290, Intoxicating Liquors, Section 258, with approval, for the right of warrantless inspection by Department of Liquor Control personnel:

" '* * * A liquor permittee's premises are available for inspection without a search warrant, since the law against search without warrants has no application with respect to investigations of the liquor department.' "

These cases do not allow or suggest that non-delegated persons are permitted to conduct the inspections.

To summarize the facts in the case *sub judice,* the state admits that these detectives were not Department of Liquor Control agents, and were not acting with any liquor department knowledge or authorization. Further, these detectives were not conducting a limited inspection for Liquor Act violations, but were searching for "evidence of general criminality," with the intent to charge any violations found under R.C. Title 29. Under these facts, we conclude that the actions herein were not within the limited scope of R.C. 4301.10, and did not comprise an authorized liquor inspection. As such, they constituted an unauthorized search and seizure in violation of the VFW Post's constitutional and statutory rights.

R.C. 4301.10, which in subdivision (A)(7) grants powers to the Department of Liquor Control to "[d]elegate to any of its agents or employees any power of investigation which the Department possesses * * * with respect to the enforcement of any of the penal laws relating to beer and to intoxicating liquor, * * *" does not empower law-enforcement officers who are not liquor department agents or employees to enter and search a liquor permittee's premises for "evidence of general criminality" with the intent to charge the permittee with any violations contained in R.C. Title 29.

The judgment of the court of appeals is reversed and the judgment of the Akron Municipal Court granting the motion to suppress is reinstated.

*Judgment reversed.*

CELEBREZZE, C.J., LOCHER, HOLMES, C. BROWN and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.

DAHLING, J., of the Eleventh Appellate District, sitting for SWEENEY, J.