DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
The State of Ohio appeals from the Summit County Court of Common Pleas' order granting the defendants' motion to suppress. We affirm.
On July 22, 1997, the defendants, Ronald L. Rowe and Blake E. Rowe, were indicted on one count of Possession of Cocaine, in violation of R.C. 2925.11, one count of Possession of Criminal Tools, in violation of R.C. 2923.24, one count Possession of Marijuana, in violation of R.C. 2925.11, and one count of Illegal Use or Possession of Drug Paraphernalia, in violation of R.C.2925.14(C)(1). On July 23, 1997, the defendants pled not guilty to all charges.
The defendants filed a motion to suppress any and all evidence obtained from an alleged illegal entry into their apartment on July 15, 1997. The trial court conducted a hearing on August 19 and 26, 1997. After taking the matter into consideration, the trial court granted the defendants' motion on September 5, 1997.
The State of Ohio timely appeals and raises one assignment of error.
 ASSIGNMENT OF ERROR
The trial court erred in suppressing the evidence when it misapprehended the law governing warrantless entries based on exigent circumstances, since upon the Fourth Amendment exigent circumstances can justify a warrantless entry upon a misdemeanor offense.
The State of Ohio contends that the trial court erred in granting the defendants' motion to suppress because exigent circumstances existed to justify a warrantless entry into the defendants' apartment. We disagree.
When reviewing a motion to suppress, we apply a de novo
standard to legal questions and a clearly erroneous standard to factual findings. See State v. Gutierrez (July 17, 1996), Medina App. No. 2515-M, unreported, at 6, citing Ornelas v. United States
(1996), 517 U.S. ___, 134 L.Ed.2d 911, 916; United States v.Sangineto-Miranda (C.A. 6, 1988), 859 F.2d 1501, 1512. The Fourth Amendment generally protects people from warrantless searches and seizures inside their homes. See Payton v. New York (1980),445 U.S. 573, 586, 63 L.Ed.2d 639, 651; State v. Smith (Nov. 30, 1994), Lorain App. No. 94CA005821, unreported, at 4. Nonetheless, an exception to the requirement that police officers obtain a warrant before conducting a search arises when officers have probable cause to search and are confronted with exigent circumstances. State v. Akron Airport Post No. 8975 (1985),19 Ohio St.3d 49, 51, certiorari denied (1986), 474 U.S. 1058,88 L.Ed.2d 777. When assessing a claim of exigent circumstances, a court considers the totality of the circumstances and the necessities inherent in the situation at the time it occurred.State v. Smith, supra, at 4, citing United States v.Sangineto-Miranda, supra, at 1512. "An urgent need to prevent evidence from being lost or destroyed will constitute exigent circumstances." Id. at 4. The gravity of the underlying offense has been recognized as an important factor in determining whether an exigency exists. Welsh v. Wisconsin (1984),466 U.S. 740, 753, 80 L.Ed.2d 732, 745. See Middleburg Hts. v.Theiss (1985), 28 Ohio App.3d 1, 3.
The record reveals that the situation that Officer Elton encountered before entering the apartment did not rise to the level of being exigent circumstances. At approximately 10:30 p.m. on July 15, 1997, Officer Elton responded to a call regarding loud noise at 1685 Shoreline Drive in Akron. The occupants of Apartment B-1 had reported a loud party and drinking at Apartment A-1. As Officer Elton approached Apartment B-1, he observed three wooden chairs, beer cans, and two males. One of the males entered the apartment. Officer Elton asked the remaining male who was holding a bottle of Butterscotch Schnapps to come towards him. He took the bottle from the male. He asked for identification and discovered that the male, Michael Watson, was twenty years old.
As Officer Elton conversed with Michael Watson, one of the defendants, Ronald Rowe, came out of the apartment and began collecting beer cans. After picking up six or seven beer cans, Ronald Rowe went to enter the apartment. When Ronald Rowe saw that Officer Elton was trying to follow, Rowe stopped. Officer Elton told Rowe that he had an underage drinker, Michael Watson, here, and that he was concerned that someone in the apartment was an underage drinker or supplying the underage drinker. Officer Elton did not tell Rowe that the beer cans were evidence for the crime that he was investigating. When Officer Elton told Rowe that he wanted to enter the apartment, Rowe sighed loudly and proceeded to enter the apartment. Officer Elton followed Rowe into the apartment. Officer Elton testified that when he opened the door, the other defendant, Blake Rowe, was standing just inside the door. Officer Elton did not ask Ronald Rowe his age before the officer entered the apartment. Based on the totality of the circumstances, we find that exigent circumstances did not exist to justify a warrantless entry into the defendants' apartment. The trial court did not err by granting the defendants' motion to suppress.
The State of Ohio's assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this court, directing the County of Summit Common Pleas Court to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E).
Costs taxed to appellant.
 Exceptions. _________________________________ LYNN C. SLABY, FOR THE COURT
BAIRD, J.
DICKINSON, J., CONCUR