This is an appeal from the Athens County Municipal Court. Appellee, Sean Nealon, was arrested by Agent Robert Anderson for underage possession of alcohol, in violation of R.C. 4301.623. A hearing on appellee's Motion to Suppress was held on June 3, 1998. The court granted the motion. On June 9, 1998, the State of Ohio filed its Notice of Appeal.
Appellant asserts one Assignment of Error:
 "THE TRIAL COURT ERRED IN GRANTING DEFENDANT'S MOTION TO SUPPRESS BASED UPON A WARRANTLESS ENTRY UPON A PRIVATE PORCH."
On May 8, 1998, Sean Nealon was sitting on the porch at his home talking and consuming beverages with friends. Agent Robert Anderson, an investigator for the Department of Public Safety, Liquor Enforcement, was in Athens, Ohio investigating the consumption of alcohol by minors. Agent Anderson drove down Putnam Street where Nealon's home is located. He observed several individuals on a porch consuming beverages. Agent Anderson stood near bushes at the side of the porch for several minutes observing the individuals. Agent Anderson testified he saw Nealon drink from a miniature pitcher. He testified that the substance in the pitcher resembled beer in both color and consistency and that Nealon appeared youthful. Agent Anderson entered the property without consent or a warrant. After determining Nealon was only twenty years old he arrested Nealon for underage possession of alcohol.
After a hearing on the motion to suppress, the trial court, relying on the decision in Welsh v. Wisconsin (1984),466 U.S. 740, 753, 80 L.Ed.2d 732, 745, 104 S.Ct. 2091, granted the motion.
When reviewing the granting of a motion to suppress, we apply a de novo standard to questions of law and a clearly erroneous standard to findings of fact. See State v. Gutierrez (July 17, 1996), Medina App. No. 2515-M, unreported, 1996 Ohio App. LEXIS 3079, United States v. Sangineto-Miranda (C.A.6, 1988),859 F.2d 1501.
Appellant's assignment of error states that the court erred in granting defendant's motion to suppress based upon entry onto a private porch. The lower court had to decide whether or not Agent Anderson had the right to enter the appellee's private property to investigate for underage possession of alcohol.
The Supreme Court in Payton v. New York (1980), 445 U.S. 573,586, held,
 "as a basic principle of Fourth Amendment law, that searches and seizures inside a home without a warrant are presumptively unreasonable."
The Supreme Court also stated that,
 "before agents of the government may invade the sanctity of the home, the burden is on the government to demonstrate exigent circumstances that overcome the presumption of unreasonableness that attaches to all warrantless home entries."
Welsh and Payton, supra, have been followed inMiddleburg Hts. v. Theiss (1985), 28 Ohio App.3d 1.
The Fourth Amendment generally protects people from warrantless searches and seizures inside their homes. Payton, supra. An exception to the requirement that police officers obtain a warrant before conducting a search arises when officers have probable cause to search and are confronted with exigent circumstances. State v. Akron AirportPost No. 8975 (1985), 19 Ohio St.3d 49, 51, 482 N.E.2d 606, certiorari denied (1986), 474 U.S. 1058, 106 S.Ct. 800,88 L.Ed.2d 777. When assessing a claim of exigent circumstances, a court considers the totality of the circumstances and the necessities inherent in the situation at the time it occurred. In United States v. Sangineto-Miranda,supra, the court stated:
 "An urgent need to prevent evidence from being lost or destroyed will constitute exigent circumstances." The gravity of the underlying offense has been recognized as an important factor in determining whether an exigency exists.
See, also, Middleburg Hts. v. Theiss, supra.
Based on the foregoing, we believe the trial court applied the proper legal standard in this case.
Turning now to the facts, we consider if the lower court's decision to grant the Motion to Suppress was reasonable. This decision is based on credibility of the witnesses and the evidence presented at the hearing. This court can only reverse the decision of the lower court on the facts if it was clearly erroneous.
As noted in Seasons Coal v. Cleveland (1984), 10 Ohio St.3d 77, deference is to be given to the trier of fact because he is best able to view the witnesses and observe their demeanor, gestures and voice inflections, and use these observations in weighing the credibility of the proffered testimony. From a review of the transcript we note that the agent testified that he did not know of any other liquid that resembled beer. When asked if there was "* * * a big difference in the behavior of twenty year olds from twenty one year olds?", he said he believed there was. He testified that the appellee appeared to be young, but at the hearing he was unable to testify as to the age of several persons presented by the defense — all of whom were either age twenty or twenty one.
The agent was simply not a credible witness. He said that estimating a person's age was a "law enforcement decision" which he could only make if a person were "breaking the law." This is a most circuitous reasoning since one would be breaking the law if, and only if, the person were underage. Although there are several non-alcoholic brands of beer, and even non-alcoholic wine, the agent weakened his credibility when he said he knew of nothing that resembled beer. The trial court held that a reasonably prudent person would not have a basis for invading the home and we have no quarrel with that finding.
Applying these facts to the standard set out inPayton, Welsh, and Middleburg Hts., supra, we find the trial court did not err in granting the motion to suppress in this case. Appellant's assignment of error is not well taken and is overruled.
The judgment of the trial court is affirmed.
JUDGMENT AFFIRMED.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed and that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Athens County Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
ABELE, J. CONCURS IN JUDGMENT ONLY
KLINE, J. CONCURS IN JUDGMENT AND OPINION
FOR THE COURT
 By: ____________________ Lawrence Grey, Judge
 NOTICE TO COUNSEL
Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.
Lawrence Grey, retired from the Fourth District, sitting by assignment of the Ohio Supreme Court in the Fourth District.