DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Wood County Court of Common Pleas after defendant-appellant, Chester Kadas, entered a no contest plea to two counts of deception to obtain a dangerous drug. Appellant entered the no contest plea after the lower court denied his motion to suppress evidence obtained through a search of pharmacy records. On appeal, appellant challenges the trial court's ruling on his motion to suppress by setting forth a single assignment of error:
 {¶ 2} "The trial court erred in denying defendant's motion to suppress and motion for reconsideration on defendant's motion to suppress the pharmacy records seized by the Bowling Green Police Department."
 {¶ 3} On December 5, 2002, appellant was indicted and charged with two counts of deception to obtain a dangerous drug in violation of R.C.2925.22. In particular, Count 1 alleged that on or about April 26, 2002 and continuing through June 5, 2002, appellant, by deception, did procure the administration of, a prescription for, or the dispensing of, a dangerous drug or did possess an uncompleted preprinted prescription blank used for writing a prescription for a dangerous drug, to wit, hydrocodone, a schedule III controlled substance. Count 2 of the indictment alleged the same offense with respect to the same drug for the dates of November 9, 2001 and continuing through November 14, 2001.
 {¶ 4} On April 17, 2003, appellant filed a motion to suppress any and all pharmacy records relating to him and obtained as a result of an inspection of the records maintained by local pharmacies. Appellant asserted that the records were seized in violation of his rights under the Fourth and Fourteenth Amendments as they were obtained without a warrant and that the search did not comport with the statutory and common law requirements of a proper administrative search.
 {¶ 5} The case proceeded to a hearing on the motion to suppress at which Officer Roger Kern and Detective Sergeant Jason Stanley of the Bowling Green Police Division testified. Kern stated that in November 2001, he was a detective in the investigation section of the police department when he was involved in a general investigation regarding doctor shopping. In that investigation, Kern would go to the pharmacies in town, look through the prescriptions for Schedule II and Schedule III drugs and write down the names that were common to the different pharmacies. If he saw a pattern at the pharmacies, he would go to a pharmacy, ask for a patient profile on a given name, and obtain a print out of all the medications that person had obtained during a given time period. Kern testified that his investigation was limited to a search of the Schedule II and III narcotics containing codeine. After obtaining a patient profile, Kern stated that he would compile a list and create a spreadsheet to compare an individual's prescriptions, doctors and dates the prescriptions were filed to determine if a patient was doctorshopping. Kern testified that he created such spreadsheets for any name that popped up at the pharmacies consistently. Consistent with this investigatory practice, Kern noticed appellant's name in a number of areas, obtained a patient profile of him and created a spreadsheet on him. Sergeant Stanley also testified at the hearing below. Stanley was in charge of the investigation unit when appellant's pharmacy profile was obtained. Stanley simply confirmed Kern's testimony about the department's investigatory procedure.
 {¶ 6} On September 24, 2003, the lower court issued an entry and order denying appellant's motion to suppress. Initially, the court held that appellant did not have a reasonable expectation that his pharmaceutical records would be protected by a right to privacy. Citing the Supreme Court of Ohio's decision in Stone v. Stow (1992), 64 Ohio St.3d 156, the court held that privacy in personal matters only protects a patient from having his prescription records made a public record. The court then addressed the Fourth Amendment issues, again relied on Stone, and concluded that the officers in this case adequately fulfilled the constitutional requirements for an administrative, warrantless search. Thereafter, appellant filed a motion for reconsideration in which he asserted that the search of pharmaceutical records was not drug specific enough to validate it under Stone. The court denied the motion.
 {¶ 7} As a result of the trial court's ruling on his motion to suppress, appellant withdrew his not guilty plea and entered a plea of no contest to two counts of deception to obtain a dangerous drug, to which the court found him guilty. On January 21, 2004, the trial court filed its judgment entry of sentence.
 {¶ 8} In his sole assignment of error, appellant asserts that the lower court erred in denying his motion to suppress the pharmacy records seized by the Bowling Green Police Department.
 {¶ 9} When considering a motion to suppress, the trial court assumes the role of the trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of a witness.State v. Mills (1992), 62 Ohio St.3d 357, 366. Consequently, in its review, an appellate court must accept the trial court's findings of fact as true if they are supported by competent, credible evidence. State v.Guysinger (1993), 86 Ohio App.3d 592, 594. The appellate court must then independently determine as a matter of law, without deferring to the trial court's conclusions, whether the facts meet the applicable legal standard. Id.
 {¶ 10} The Fourth Amendment to the United States Constitution and Section 14, Article I of the Ohio Constitution provide protection against unreasonable searches and seizures by government officials. A warrantless search is generally considered unreasonable per se. Katz v.United States (1967), 389 U.S. 347, 357. Nevertheless, the state can establish the validity of a warrantless search by demonstrating that one of the judicially created exceptions to the warrant requirement applies. Statev. Akron Airport Post No. 8975 (1985), 19 Ohio St.3d 49, 51. The state bears the burden of proving that one of these exceptions applies for evidence derived from a warrantless search or seizure to survive a motion to suppress. State v. Smith (1991), 73 Ohio App.3d 471, 475.
 {¶ 11} In Stone, supra, the Supreme Court of Ohio addressed the issue of whether Ohio's statutory and administrative program allowing officers and pharmacy board agents to inspect prescription records violates the right of privacy and the prohibition against unreasonable searches and seizures found in the United States and Ohio Constitutions. The court concluded that a warrantless administrative search of pharmacy prescription records by law enforcement officers is a recognized exception to the warrant requirement when the scope of the search is sufficiently limited. Id. at syllabus. In Ohio, warrantless administrative searches of pharmacy prescription records are governed by R.C. 3719.13, R.C. 3719.27
and former Ohio Adm. Code 4729-5-17, now 4729-5-29. In Stone, the court determined that where an administrative search of pharmacy prescription records is conducted in compliance with these statutory and administrative provisions, no Fourth Amendment violation occurs. In particular, the court found that Ohio's statutory and administrative scheme providing for warrantless searches of prescription records satisfies the standards set forth in New York v. Burger (1987),482 U.S. 691. The court stated: "It is clear that the state has a substantial interest in regulating prescription drugs; that the regulatory scheme created by the statutory and administrative provisions at issue serves that interest; and that the inspection scheme provides an adequate substitute for a warrant, because these provisions are `sufficiently comprehensive and defined that the owner of commercial property cannot help but be aware that his property will be subject to periodic inspections undertaken for specific purposes.' Donovan v. Dewey
(1981), 452 U.S. 594, 600 * * *. Finally, the time, place, and scope elements of the scheme are sufficiently limited so that the warrantless search procedure is reasonable. * * * The files must be made available for inspection at reasonable hours only. R.C. 3719.27. Access is limited to officials who are `engaged in a specific investigation involving a designated person or drug.' Ohio Adm. Code 4729-5-17(G)(4) and (H)."Stone, supra at 165.
 {¶ 12} Appellant contends that the search at issue was unconstitutional because it was not conducted by officers "engaged in a specific investigation involving a designated person or drug" as required by former Ohio Adm. Code 4729-5-17, now 4729-5-29. In Stone, the court reviewed a system set up by six local communities to collect and analyze prescription records. "The program's alleged objective [was] to establish a system of collecting and analyzing data on the diversion of controlled substances from legitimate channels to illicit channels * * *. The program [was] designed to obtain data on certain target `exempt' drugs, such as codeine, terpin hydrate and paregoric * * * and prescription drugs such a Percodan, Percocet, Dilaudid, Ritalin, Xanax, Tylox, Darvon and Darvocet, and Adipex-p." Id. at 158. The court noted that "[b]oth types of drugs are alleged to have high potential for abuse by conversion from legitimate to illegitimate markets." Id. The drugs at issue inStone were Schedule II drugs, with the exception of Xanax, a Schedule IV drug. The court approved of the regulatory scheme in part because the police officers were not attempting to use warrantless administrative searches to uncover evidence of general criminality. Rather, "an administrative scheme set up to track particular often-abused Schedule II and IV drugs [was] also being used to detect the abuse of those very drugs." Id. at 166. No general criminality was at issue in that case. Id.
 {¶ 13} In the present case, Officer Kern testified that in the course of his duties to inspect pharmacy prescription records, he reviews the prescriptions regarding Schedule II and III drugs, and specifically those containing codeine. We view this as a scheme to track particular, often abused Schedule II and III drugs, not dissimilar to the scheme approved by the Supreme Court of Ohio in Stone. Accordingly, appellant's pharmaceutical records were not seized in violation of hisFourth Amendment rights and the trial court did not err in denying his motion to suppress.
 {¶ 14} Appellant has further asserted that it would be factually impossible for the Bowling Green Police Department to have limited their search to only Schedule II and III narcotics because pharmacies do not categorize the general information seized by the police department into schedule specific categories. There is, however, nothing in the record before us to support this assertion.
 {¶ 15} Appellant's sole assignment of error is not well-taken.
 {¶ 16} On consideration whereof, the court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Wood County Court of Common Pleas is affirmed. Appellant is ordered to pay the court costs of this appeal pursuant to App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Knepper, J., Pietrykowski, J, Lanzinger, Judges, Concur.