[Cite as *State v. Smith*, 2018-Ohio-1564.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| STATE OF OHIO | C.A. No. 17CA011180 |
|---|---|
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CURTIS J. SMITH | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No. 16CR093642 |

DECISION AND JOURNAL ENTRY

Dated: April 23, 2018

CALLAHAN, Judge.

{¶1} Curtis Smith appeals his convictions from the Lorain County Court of Common Pleas. This Court affirms.

I.

{¶2} As Mr. Smith points out in his merit brief, the pertinent facts underlying this appeal are not in dispute. According to the testimony adduced at a suppression hearing, Mr. Smith called the police after noticing that his friend, who was sleeping at his apartment, had stopped breathing. The Wellington Police Department and EMS responded to the scene, and EMS transported Mr. Smith's friend to the hospital. Mr. Smith's friend passed away shortly thereafter as a result of a drug overdose.

{¶3} According to a detective from the Wellington Police Department, hospital personnel told him that a family member of Mr. Smith's deceased friend left the hospital in a highly agitated state and was possibly headed to Mr. Smith's apartment to exact some sort of

revenge. Concerned for Mr. Smith's safety, the detective went back to Mr. Smith's apartment and knocked on the door. After no one answered, the detective waited in the parking lot until Mr. Smith arrived home with a female companion about ten minutes later. The detective again knocked on the door. Mr. Smith answered the door and the detective advised him of the possible threat to his personal safety. The detective then asked Mr. Smith whether he would like him to search his apartment for an intruder. Mr. Smith verbally consented to the search of his apartment and allowed the detective to enter.

{¶4} While conducting the search, the detective specifically asked Mr. Smith if he could search his bedroom since the bedroom door was closed and Mr. Smith previously denied the police access to that room when they responded to the drug overdose call. Mr. Smith verbally consented to the search of his bedroom. Upon entering, the detective saw drugs and drug paraphernalia on top of a dresser, as well as on top of a nightstand. Those items included glass pipes containing burnt residue consistent with marijuana, cotton balls, and a powdery white substance. The detective performed a field test on the white substance, which tested positive for ecstasy. The detective then asked Mr. Smith whether there were any other drug-related items in the apartment, to which Mr. Smith responded in the negative. After advising Mr. Smith that he could call for a K-9 narcotics dog to search the apartment, Mr. Smith lifted up the mattress in his bedroom and pulled out two spoons containing residue, as well as syringes.

{¶5} A grand jury indicted Mr. Smith on two counts of possession of drugs in violation of Revised Code Section 2925.11(A), one count of possession of drug abuse instruments in violation of Section 2925.12(A), and one count of possession of drug paraphernalia in violation of Section 2925.14(C)(1). Mr. Smith initially pleaded not guilty and moved to suppress the evidence found in his bedroom. The trial court held a hearing on the matter and subsequently

denied his motion, finding, in part, that Mr. Smith consented to the search of his apartment, and that the detective discovered the illegal items in plain view. Thereafter, Mr. Smith changed his plea to no contest. The trial court found him guilty on all charges and sentenced him to two years of community control. Mr. Smith now appeals, raising one assignment of error for this Court's review.

II.

**ASSIGNMENT OF ERROR**

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT SMITH'S MOTION TO SUPPRESS BECAUSE [THE DETECTIVE'S] SEARCH OF SMITH'S APARTMENT BEDROOM FOR DRUGS VIOLATED DEFENDANT-APPELLANT SMITH'S FOURTH AMENDMENT RIGHT TO BE FREE FROM UNREASONABLE SEARCHES.

{¶6} In his assignment of error, Mr. Smith argues that the trial court erred when it denied his motion to suppress. This Court disagrees.

{¶7} A motion to suppress evidence presents a mixed question of law and fact. *State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, ¶ 8. A reviewing court "must accept the trial court's findings of fact if they are supported by competent, credible evidence." *Id.*, citing *State v. Fanning*, 1 Ohio St.3d 19, 20 (1982). "Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard." *Id.*, citing *State v. McNamara*, 124 Ohio App.3d 706, 710 (4th Dist.1997). This Court, therefore, grants deference to the trial court's findings of fact, but conducts a de novo review of whether the trial court applied the appropriate legal standard to those facts. *State v. Booth*, 151 Ohio App.3d 635, 2003-Ohio-829, ¶ 12 (9th Dist.).

{¶8} The Fourth Amendment to the United States Constitution, applied to the states through the Fourteenth Amendment, and Article I, Section 14 of the Ohio Constitution protect

persons against unreasonable searches and seizures by the government. *See State v. Orr*, 91 Ohio St.3d 389, 391 (2001) (noting that these two provisions provide the same level of protection). "For a search or seizure to be reasonable under the Fourth Amendment, it must be based upon probable cause and executed pursuant to a warrant." *State v. Moore*, 90 Ohio St.3d 47, 49 (2000). "Searches conducted without a warrant are presumptively unreasonable, unless an exception to the warrant requirement applies." *State v. Jones*, 9th Dist. Lorain No. 12CA010270, 2013-Ohio-2375, ¶ 8, citing *Payton v. New York*, 445 U.S. 573, 586 (1980). "Where there is no search warrant, the burden falls on the state to show that a search comes within one of the judicially recognized exceptions[,]" including "consent signifying waiver of constitutional rights" and "the plain-view doctrine." *State v. Akron Airport Post No. 8975*, 19 Ohio St.3d 49, 51 (1985).

**{¶9}** Here, Mr. Smith makes three primary arguments in support of his position that the trial court erred when it denied his motion to suppress. First, Mr. Smith argues that he did not freely and voluntarily consent to the search of his apartment. In this regard, he argues that he was "trapped" into giving consent because the detective advised him of an unverified threat to his personal safety. Second, Mr. Smith argues that, even if he consented to the search of his apartment, the detective's search exceeded the scope of the consent because the detective closely inspected personal items in his bedroom rather than simply conducting a protective sweep for the presence of an intruder. Third, Mr. Smith argues that the plain-view exception does not apply because the antecedent search violated his constitutional rights. He again argues that he did not freely and voluntarily consent to the search, and that – even if he did – the detective's close inspection of the items found in his bedroom went beyond the scope of the granted consent. This Court will address each argument in turn.

{¶10} Regarding Mr. Smith's consent, the State was required to "show by 'clear and positive' evidence that the consent was 'freely and voluntarily' given based on the totality of the circumstances*." State v. Cooper*, 9th Dist. Summit No. 21494, 2003-Ohio-5161, ¶ 12, quoting *Ohio v. Posey*, 40 Ohio St.3d 420, 427 (1988). As previously noted, the detective testified that he received information from hospital personnel advising him of a potential threat to Mr. Smith's safety, that he went to Mr. Smith's apartment to advise Mr. Smith of the threat, that he offered to search Mr. Smith's apartment, and that Mr. Smith consented to the search for the purpose of locating a possible intruder. In rendering its decision, the trial court determined that the detective provided credible testimony. Having reviewed the record, this Court finds that the trial court's findings of fact were supported by competent, credible evidence. *Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, at ¶ 8. Thus, despite Mr. Smith's argument that he was "trapped" into giving consent, the totality of the circumstances indicate that he freely and voluntarily consented to the search of his apartment.

{¶11} Regarding Mr. Smith's argument that the detective's search of his apartment exceeded the scope of the granted consent, this Court finds that his argument lacks merit. "Under [the plain view] doctrine, an officer may seize an item without a warrant if the initial intrusion leading to the item's discovery was lawful and it was 'immediately apparent' that the item was incriminating." *State v. Waddy*, 63 Ohio St.3d 424, 442 (1992). "The discovery need not be inadvertent." *State v. Littell*, 9th Dist. Summit No. 27020, 2014-Ohio-4654, ¶ 10, quoting *Waddy* at 442, fn. 5. "The 'immediately apparent' requirement of the 'plain view' doctrine is satisfied when police have probable cause to associate an object with criminal activity." *State v. Halczyszak*, 25 Ohio St.3d 301 (1986), paragraph three of the syllabus. "In ascertaining the required probable cause to satisfy the 'immediately apparent' requirement, police officers may

rely on their specialized knowledge, training and experience * * *." *Id.* at paragraph four of the syllabus.

{¶12} Here, the detective testified that after being granted consent to search Mr. Smith's bedroom, he observed the glass pipes, cotton balls, and white substance in plain view on Mr. Smith's nightstand and dresser. The detective further testified that, based upon his training and experience as a law enforcement officer, he immediately recognized those items as being incriminating. The trial court found that the detective provided credible testimony in this regard.

{¶13} Mr. Smith does not dispute these facts, but argues that the detective "took a detour from his permissible task of searching for an intruder in the apartment to conducting a warrantless drug search * * *." The fact that the purpose of the search was to locate a potential intruder, however, does not prevent an officer from discovering and examining items in plain view that the officer immediately recognizes as incriminating. *See State v. White*, 2d Dist. Montgomery No. 23905, 2011-Ohio-503, ¶ 27 (affirming the trial court's denial of a motion to suppress evidence of illegal drugs discovered in plain view in an apartment despite the fact that the tenant only gave the police consent to search the apartment for a fugitive); *State v. Hawley*, 20 Ohio App.3d 59, 61 (8th Dist.1984), quoting *United States v. Roberts*, 619 F.2d 379, 381 (5th Cir.1980) ("[p]olice officers are not required to ignore the significance of items in plain view even when the full import of the objects cannot be positively ascertained without some examination."). This Court, therefore, rejects Mr. Smith's argument.

{¶14} Lastly, as previously noted, Mr. Smith argues that the plain-view exception does not apply because the antecedent search violated his constitutional rights. Because his argument in this regard relies upon his prior two arguments (i.e., that he did not freely and voluntarily consent to the search, and that – even if he did – the detective's close inspection of the items

found in his bedroom went beyond the scope of the granted consent), which this Court has rejected, we likewise reject Mr. Smith's argument that the plain-view exception does not apply.

{¶15}  In light of the foregoing, Mr. Smith's assignment of error is overruled.

III.

{¶16}  Mr. Smith's assignment of error is overruled.  The judgment of the Lorain County Court of Common Pleas is affirmed.

Judgment affirmed.

––––––

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution.  A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run.  App.R. 22(C).  The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

LYNNE S. CALLAHAN
FOR THE COURT

SCHAFER, P. J.
TEODOSIO, J.
CONCUR.


APPEARANCES:

MARK S. ONDREJECH, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and LINDSEY C. POPROCKI, Assistant Prosecuting Attorney, for Appellee.