[Cite as *State v. Crawford*, 2019-Ohio-1507.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT


| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 2018 CA 0063 |
| KEVIN D. CRAWFORD | |
| Defendant-Appellant | O P I N I O N |


CHARACTER OF PROCEEDING:          Criminal Appeal from the Court of Common
                                  Pleas, Case No.  2017 CR 0646


JUDGMENT:                         Affirmed


DATE OF JUDGMENT ENTRY:           April 19, 2019


APPEARANCES:

For Plaintiff-Appellee            For Defendant-Appellant

GARY BISHOP                       DALE M. MUSILLI
PROSECUTING ATTORNEY              105 Sturges Avenue
JOSEPH C. SNYDER                  Mansfield, Ohio  44903
ASSISTANT PROSECUTOR
38 South Park Street
Mansfield, Ohio  44902

*Wise, J.*

{¶1} Appellant Kevin D. Crawford appeals his convictions on one count of Possession of Cocaine and one count of Possession of LSD, entered in the Richland County Court of Common Pleas following a bench trial.

{¶2} Appellee is State of Ohio.

## STATEMENT OF THE FACTS AND CASE

{¶3} Just before midnight on June 10, 2017, 911 dispatch received a call regarding an incident at 108 Betzstone Avenue in Mansfield, Ohio. (T. at 52-53). The caller stated that her neighbor, Heather Tane, was beating on the wall of the apartment calling for help. (T. at 54-55). Heather Tane told the caller that she had a fight with her boyfriend and he locked her out of the house in just her underwear. *Id.* Later that night, a second phone call came in, this time from Heather Tane where she said that her boyfriend was trying to ram his car into the building and that he had a knife. (T. at 57-58). Ms. Tane ended the call after making these statements. *Id.*

{¶4} In response to the 911 calls, Officer Grimshaw and Officer Shepard of Mansfield Police Department were dispatched to 108 Betzstone Avenue. (T. at 64). Upon arrival, the officers saw Appellant Kevin Crawford upstairs in the doorway of the patio. (T. at 65). The officers spoke to Heather Tane, who was crying, visibly afraid and yelling that Appellant had a knife. (T. at 72-73). When ordered by the officers to come outside, Appellant complied. (T. at 73). Appellant was then arrested. When Appellant was taken into custody, the officers conducted a sweep of the residence and found no one else present. (T. at 80).

{¶5} As Appellant was being escorted to the cruiser, he started yelling that Ms. Tane had cocaine in the house. (T. at 75). Ms. Tane informed the officers that there was cocaine and acid in the house. *Id.* She also said that the drugs belonged to Appellant, that he was currently on acid, and that he was a drug dealer. (T. at 75-76). Ms. Tane gave the officers consent to a search of the residence. (T. at 15-16, 83, 94). Ms. Tane stated that it was her residence and that Appellant did not live there. (T. at 101).

{¶6} Inside the apartment, near where Appellant had been standing, the officers observed a large kitchen knife on the floor. (T. at 68). The officers also found a baggie containing LSD on an end table. (T. at 69, 98). The distance from the patio doorway to the end table was approximately ten feet. *Id.* Down the hallway from that room was a bedroom. (T. at 70). In that bedroom, the officers found a bag of cocaine sitting on the bed. (T. at 70, 98). Approximately $4,700 in cash was also found in Appellant's pocket. (T. at 71, 73).

{¶7} On September 21, 2017, Appellant was indicted with a four-count indictment. Count One charged Appellant with Possession of Cocaine, a felony of the fifth-degree, in violation of R.C. §2925.11(A). Count Two charged Appellant with Possession of LSD, a felony of the fifth-degree, in violation of R.C. §2925.11(A). Count Three charged Appellant with Criminal Damaging, a misdemeanor of the second-degree, in violation of R.C. §2909.06(A)(1). Count Four charged Appellant with Aggravated Menacing, a misdemeanor of the first-degree, in violation of R.C. §2903.21(A).

{¶8} On October 18, 2017, Appellant entered a not guilty plea and was appointed counsel.

{¶9} On March 12, 2018, this matter proceeded to a bench trial.

{¶10} On March 13, 2018, the trial court found Appellant guilty of Counts One and Two but not guilty of Counts Three and Four.

{¶11} The trial court sentenced Appellant to twelve (12) months on both counts to run concurrent to one another and consecutive to his 486 days for violating post- release control.

{¶12} On March 14, 2018, the trial court filed its findings of fact and conclusions of law.

{¶13} Appellant now appeals, raising the following errors for review:

## ASSIGNMENTS OF ERROR

{¶14} "I. ALLOWING EVIDENCE OF AN ILLEGAL SEARCH WAS PLAIN ERROR.

{¶15} "II. INSUFFICIENT EVIDENCE WAS PRESENTED TO SUSTAIN A GUILTY VERDICT."

## I.

{¶16} In his first assignment of error, Appellant argues that the evidence presented at trial was the result of an illegal search. We disagree.

{¶17} More specifically, Appellant argues that if the search in this case would have been suppressed, the drugs would not have been seized and he would not have been convicted of possession. Appellant does not assign as error the failure of trial counsel to file a motion to suppress the evidence.

{¶18} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an

exception to the warrant requirement applies. *Katz v. United States,* 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967).

{¶19} The Ohio Supreme Court has recognized seven exceptions to the search warrant requirement: (a) [a] search incident to a lawful arrest; (b) consent signifying waiver of constitutional rights; (c) the stop-and-frisk doctrine; (d) hot pursuit; (e) probable cause to search and the presence of exigent circumstances; (f) the plain-view doctrine; or (g) an administrative search. *State v. Smith*, 5th Dist. Licking No. 18 CA 00011, 2018-Ohio-3436, ¶18 citing *State v. Akron Airport Post No. 8975,* 19 Ohio St.3d 49, 51, 482 N.E.2d 606 (1985), certiorari denied, 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 777 (1986); *Stone v. Stow,* 64 Ohio St.3d 156, 164, 593 N.E.2d 294, fn. 4 (1992)

{¶20} Consent to enter a residence can be given by anyone who possesses common authority over the premises, and in particular, by the resident of a home. *See United States v. Matlock,* 415 U.S. 164, 94 S.Ct. 988, 39 L.Ed.2d 242 (1974); *State v. Greer,* 39 Ohio St.3d 236, 530 N.E.2d 382 (1988).

{¶21} In the case at bar, evidence was presented that Ms. Tane consented to the search which resulted in the seizure of the drugs. (Sent. T. at 123). She included in her statement that the drugs belonged to Appellant and that he brought the drugs with him to her house when he came over that evening. (Sent. T. at 123). While Ms. Tane claimed at trial that she was forced by the police to fill out a witness statement which indicated that she consented to the search, the trial court found her testimony to be lacking in credibility. (Sent. T. at 123-124). The trial court found that the statements she gave the night of the incident to be "more trustworthy and reliable to the true facts in this matter." (Sent. T. at 124).

**{¶22}** The record also reveals that Appellant's trial counsel did not file a motion to suppress the allegedly illegally obtained drugs. "By failing to file a motion to suppress illegally obtained evidence, a defendant waives any objection to its admission. *State v. Campbell*, 69 Ohio St.3d 38, 44, 630 N.E.2d 339 (1994)." *State v. Osie*, 140 Ohio St.3d 131, 2014-Ohio-2966, 16 N.E.3d 588, ¶ 136.

**{¶23}** Looking at the totality of the circumstances of this case, we find that Ms. Tane voluntarily gave the police the authority to search her house. The voluntariness of a consent to a search is a question of fact and will not be reversed on appeal unless clearly erroneous. *State v. Clelland*, 83 Ohio App.3d 474, 615 N.E.2d 276 (4th Dist. 1992).

**{¶24}** Based on the foregoing, we find Appellant's first assignment of error not well-taken and hereby overrule same.

**II.**

**{¶25}** In his second assignment of error, Appellant argues that his convictions were not supported by sufficient evidence. We disagree.

**{¶26}** The legal concepts of sufficiency of the evidence and weight of the evidence are both quantitatively and qualitatively different. *State v. Thompkins*, 78 Ohio St.3d 380, 1997-Ohio-52, 678 N.E.2d 541, paragraph two of the syllabus. The standard of review for a challenge to the sufficiency of the evidence is set forth in *State v. Jenks*, 61 Ohio St.3d 259, 574 N.E.2d 492 (1991) at paragraph two of the syllabus, in which the Ohio Supreme Court held, "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the

evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt.

**{¶27}** In determining whether a conviction is against the manifest weight of the evidence, the court of appeals functions as the "thirteenth juror," and after "reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be overturned and a new trial ordered." *State v. Thompkins*, *supra*, 78 Ohio St.3d at 387. Reversing a conviction as being against the manifest weight of the evidence and ordering a new trial should be reserved for only the "exceptional case in which the evidence weighs heavily against the conviction." *Id.*

**{¶28}** Appellant contends in this Assignment of Error that his convictions for Possession of Cocaine and LSD were against the sufficiency and manifest weight of the evidence.

**{¶29}** Appellant herein was found guilty of possession of cocaine and possession of LSD, both in violation of R.C. § 2925.11 which states:

**{¶30}** "No person shall knowingly obtain, possess, or use a controlled substance or a controlled substance analog."

**{¶31}** Appellant argues that the state did not prove "possession."

**{¶32}** R.C. § 2925.01(K) defines "possess" or "possession" as "having control over a thing or substance, but may not be inferred solely from mere access to the thing or substance through ownership or occupation of the premises upon which the thing or substance is found."

{¶33} Possession may be actual or constructive. "Constructive possession exists when an individual knowingly exercises dominion and control over an object, even though that object may not be within his immediate physical possession." *State v. Hankerson*, 70 Ohio St.2d 87, 434 N.E.2d 1362 (1982), syllabus. The evidence must prove that the defendant was able to exercise dominion and control over the contraband. *State v. Wolery*, 46 Ohio St.2d 316, 332, 348 N.E.2d 351 (1976). Dominion and control may be proven by circumstantial evidence alone. *State v. Holman,* 5th Dist. Stark No. 2017CA00114, 2018–Ohio–1373, ¶ 25, citing *State v. Trembly*, 137 Ohio App.3d 134, 738 N.E.2d 93 (8th Dist. 2000). Circumstantial evidence that the defendant was located in very close proximity to the contraband may show constructive possession. *State v. Barr,* 86 Ohio App.3d 227, 235, 620 N.E.2d 242, 247–248 (8th Dist. 1993); *State v. Morales,* 5th Dist. Licking No. 2004 CA 68, 2005–Ohio–4714, ¶ 50; *State v. Moses,* 5th Dist. Stark No. 2003CA00384, 2004–Ohio–4943,¶ 9. Ownership of the contraband need not be established in order to find constructive possession. *State v. Smith,* 9th Dist. Summit No. 20885, 2002–Ohio–3034, ¶ 13, *citing State v. Mann,* 93 Ohio App.3d 301, 308, 638 N.E.2d 585 (8th Dist.1993). Furthermore, possession may be individual or joint. *Wolery,* 46 Ohio St.2d at 332, 348 N.E.2d 351. Multiple individuals may constructively possess a particular item of contraband simultaneously. *State v. Pitts,* 4th Dist. Scioto No. 99 CA 2675, 2000–Ohio–1986. The Supreme Court has held that knowledge of illegal goods on one's property is sufficient to show constructive possession. *State v. Hankerson,* 70 Ohio St.2d 87, 91, 434 N.E.2d 1362, 1365 (1982), certiorari denied, 459 U.S. 870, 103 S.Ct. 155, 74 L.Ed.2d 130 (1982).

**{¶34}** Here, the trial court heard testimony as set forth above that Appellant possessed the drugs which were found at the premises from where Appellant had just been removed. Officer Grimshaw testified that he saw Appellant standing close in proximity to where the LSD was found minutes later, and that Appellant told them that there was cocaine in the house, which was located on top of the dresser in the bedroom. (T. at 69-71, 75). Officer Grimshaw also testified that Ms. Tane informed them that there was cocaine and acid, or LSD, in the house and that the drugs belonged to Appellant. (T. at 75-76). She further identified Appellant as a "drug dealer." (T. at 76).

**{¶35}** The weight to be given to the evidence and the credibility of the witnesses are issues for the trier of fact, in this case, the jury. *State v. Jamison,* 49 Ohio St.3d 182, 552 N.E.2d 180 (1990). The trier of fact "has the best opportunity to view the demeanor, attitude, and credibility of each witness, something that does not translate well on the written page." *Davis v. Flickinger,* 77 Ohio St.3d 415, 418, 674 N.E.2d 1159 (1997).

**{¶36}** Upon review, we find sufficient evidence to support the conclusion that Appellant was able to exercise dominion and control over the cocaine and LSD and therefore was in possession of drugs, and we do not find any manifest miscarriage of justice.

{¶37}  Based on the foregoing, we find Appellant's second assignment of error not well-taken and hereby overrule same.

{¶38}  For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.


By: Wise, J.

Gwin, P. J., and

Baldwin, J., concur.


JWW/d 0411