[Cite as *State v. Myers*, 2014-Ohio-1039.]

COURT OF APPEALS
ASHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES:<br>Hon. W. Scott Gwin, P. J. |
| Plaintiff-Appellee | Hon. John W. Wise, J.<br>Hon. Craig R. Baldwin, J. |
| -vs- | |
| | Case No. 13 COA 023 |
| LINDSAY E. MYERS | |
| Defendant-Appellant | O P I N I O N |

CHARACTER OF PROCEEDING:      Criminal Appeal from the Municipal Court,
                              Case No.  13 CRB 390AB

JUDGMENT:                     Affirmed

DATE OF JUDGMENT ENTRY:       March 14, 2014

APPEARANCES:

For Plaintiff-Appellee                    For Defendant-Appellant

DAVID M. HUNTER                           MATTHEW J. MALONE
ASSISTANT LAW DIRECTOR                    LAW OFFICE OF MATTHEW J. MALONE
1213 East Main Street                     11 1/2 East 2nd Street
Ashland, Ohio  44805                      Ashland, Ohio  44805

*Wise, J.*

**{¶1}** Appellant Lindsay E. Myers appeals the decision of the Ashland Municipal Court denying her motion to suppress.

**{¶2}** Appellee is the State of Ohio.

**STATEMENT OF THE FACTS AND CASE**

**{¶3}** At the suppression hearing on May 14, 2013, Officer Bloodhart of the Ashland Police Department testified to the following:

**{¶4}** On April 6, 2013, at approximately 3:18 a.m., Officer Bloodhart was on patrol in Ashland, Ohio, when he saw a legally parked, idling vehicle on Cleveland Avenue. (T. at 17, 39). Officer Bloodhart further noticed that the driver of the vehicle, later determined to be Appellant Lindsay Myers, was "slumped down in front of the steering wheel" and he was concerned that she was asleep or passed out behind the wheel of a running vehicle. (T. at 18-20).

**{¶5}** Officer Bloodhart exited his vehicle to check on Myers. (T. at 22). As he approached, Myers sat up and rolled down the window. (T. at 23). Officer Bloodhart noticed that Myers had "red, watery eyes, and [he] could smell a strong odor of air freshener and also a strong odor of an alcoholic beverage being emitted from the vehicle." *Id.* Myers then exited her vehicle at Officer Bloodhart's request to perform field sobriety tests. (T. at 24, 27-32).

**{¶6}** Based on Myers' performance, Officer Bloodhart determined that she was under the influence of alcohol. He read Myers her Miranda rights, placed her under arrest and secured her in his cruiser. (T. at 31-32). Officer Bloodhart then advised Myers that "[he] was going to go get her personal effects, cell phone, purse, keys, and

secure her vehicle", to which Myers did not respond. (T. at 32-33). Officer Bloodhart then went back to Myer's vehicle and, as he removed her cell phone and car remote from the center console, he smelled the odor of burnt marijuana. (T. at 33). He then observed a marijuana pipe underneath the stereo and a baggie of raw marijuana inside a cup in the center console. (T. at 33-35, 49). Neither the marijuana nor the marijuana pipe was observable from the outside of the vehicle. (T. at 48).

{¶7}   On May 3, 2013, Appellant Myers filed a motion to suppress which the trial court overruled by judgment entry on June 11, 2013.

{¶8}   On July 3, 2013, Appellant Myers entered no contest pleas to both counts. On the drug paraphernalia charge, the trial court sentenced Appellant to 30 days incarceration with 15 days suspended, fined her $250, placed her on probation for one year and suspended her driver's license for six (6) months.  On the possession of marijuana charge, the trial court sentenced Appellant to 30 days incarceration with 15 days suspended, to be run concurrently with the paraphernalia sentence, an additional $250 fine and an additional six (6) months license suspension.

{¶9}   Appellant now appeals, assigning the following errors for review:

## ASSIGNMENTS OF ERROR

{¶10}  "I. THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION TO SUPPRESS EVIDENCE SEIZED FROM HER VEHICLE BY FAILING TO APPLY THE APPROPRIATE TEST OR CORRECT LAW TO THE FINDINGS OF FACT.

{¶11}  "II. THE TRIAL COURT ERRED BY FINDING THAT THE EVIDENCE SEIZED WAS IN PLAIN VIEW OF THE OFFICER UPON HIS SECOND RETURN TO APPELLANT'S VEHICLE."

**I., II.**

{¶12} In her First and Second Assignments of Error, Appellant argues that the trial court erred in denying her motion to suppress. We disagree.

{¶13} Appellate review of a trial court's decision to deny a motion to suppress involves a mixed question of law and fact. *State v. Long* (1998), 127 Ohio App.3d 328, 713 N.E.2d 1. During a suppression hearing, the trial court assumes the role of trier of fact and, as such, is in the best position to resolve questions of fact and to evaluate witness credibility. *State v. Brooks,* (1996), 75 Ohio St.3d 148, 661 N.E.2d 1030. A reviewing court is bound to accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Metcalf* (1996), 111 Ohio App.3d 142, 675 N.E.2d 1268. Accepting these facts as true, the appellate court must independently determine as a matter of law, without deference to the trial court's conclusion, whether the trial court's decision meets the applicable legal standard. *State v. Williams* (1993), 86 Ohio App.3d 37, 619 N.E.2d 1141.

{¶14} There are three methods of challenging on appeal a trial court's ruling on a motion to suppress. First, an appellant may challenge the trial court's findings of fact. In reviewing a challenge of this nature, an appellate court must determine whether said findings of fact are against the manifest weight of the evidence. *State v. Fanning,* 1 Ohio St.3d 19, 437 N.E.2d 583 (1982); *State v. Klein,* 73 Ohio App.3d 486, 597 N.E.2d 1141 (4th Dist.1991); *State v. Guysinger,* 86 Ohio App.3d 592, 621 N.E.2d 726 (4th Dist.1993). Second, an appellant may argue the trial court failed to apply the appropriate test or correct law to the findings of fact. In that case, an appellate court can reverse the trial court for committing an error of law. *State v. Williams,* 86 Ohio App.3d

37, 619 N.E.2d 1141 (4th Dist.1993). Finally, assuming the trial court's findings of fact are not against the manifest weight of the evidence and it has properly identified the law to be applied, an appellant may argue the trial court has incorrectly decided the ultimate or final issue raised in the motion to suppress. As the United States Supreme Court held in *Ornelas v. U.S.,* 517 U.S. 690, 116 S.Ct. 1657, 1663, 134 L.Ed.2d 911 (1996), "... as a general matter determinations of reasonable suspicion and probable cause should be reviewed *de novo* on appeal."

{¶15} In the instant case, Appellant argues the trial court erred in allowing the evidence of an unconstitutional search of his vehicle. Appellant argues that the trial court in its decision denying her motion to suppress, erred in reasoning that that the officer's search of Appellant's vehicle was justified as a search incident to a valid arrest and/or the items seized were in plain view.

{¶16} The Fourth Amendment to the United States Constitution prohibits warrantless searches and seizures, rendering them per se unreasonable unless an exception applies. *Katz v. United States* (1967), 389 U.S. 347, 357, 88 S.Ct. 507. "Unreasonable searches and seizures are constitutionally prohibited. Ohio Const. Sec. 14, Art. I; U.S. Const. Amend. IV and XIV; *Maryland v. Buie* (1990), 494 U.S. 325, 331 [110 S.Ct. 1093, 108 L.Ed.2d 276]; *State v. Robinette* (1997), 80 Ohio St.3d 234, 238–239 [685 N.E.2d 762]. For a search or seizure to be reasonable, it must be supported by a warrant or based upon an exception to the warrant requirement. *Katz v. United States* (1967), 389 U.S. 347, 357 [88 S.Ct. 507, 19 L.Ed.2d 576]." *State v. Adams,* 7th Dist. No. 08 MA 246, 2011-Ohio-5361.

**{¶17}** The Ohio Supreme Court has recognized seven exceptions to the warrant requirement: "(a) [a] search incident to a lawful arrest; (b) consent signifying waiver of constitutional rights; (c) the stop-and-frisk doctrine; (d) hot pursuit; (e) probable cause to search, and the presence of exigent circumstances; or (f) the plain-view doctrine," *State v. Akron Airport Post No. 8975,* 19 Ohio St.3d 49, 51, 482 N.E.2d 606 (1985), certiorari denied 474 U.S. 1058, 106 S.Ct. 800, 88 L.Ed.2d 777 (1986); or (g) an "administrative search," *Stone v. Stow,* 64 Ohio St.3d 156, 164, 593 N.E.2d 294, fn. 4 (1992).

Incident to Lawful Arrest

**{¶18}** The trial court found that the search in this case was incident to arrest, which as set forth above is recognized as an exception to the general prohibition against warrantless searches. *Chimel v. California,* 395 U.S. 752, 762–63, 89 S .Ct.2034, 23 L.Ed.2d 685 (1969); *Arizona v. Gant,* 556 U.S. 332, 129 S.Ct. 1710, 173 L.Ed.2d 485 (2009). "The exception derives from interests in officer safety and evidence preservation that are typically implicated in arrest situations." *Id.* at 338, citing *United States v. Robinson,* 414 U.S. 218, 230–234, 94 S.Ct. 467, 38 L.Ed.2d 427 (1973); *Chimel v. California,* 395 U.S. 752, 763, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). Under *Gant,* a search incident to a lawful arrest is permitted "when an arrestee is within reaching distance of the vehicle or it is reasonable to believe the vehicle contains evidence of the offense of arrest." *Id.* at 346. Reasonableness "is measured in objective terms by examining the totality of the circumstances." *Ohio v. Robinette,* 519 U.S. 33, 39, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996).

**{¶19}** Here, Appellant was not within reaching distance of anything in her vehicle at the time of the subject search, having already been secured in the officer's patrol car.

We therefore find that the "search incident to lawful arrest" exception does not apply here.

**{¶20}** We do however find that the officer's actions in returning to Appellant's vehicle to roll up the driver's side window, turn off the ignition and collect Appellant's purse and cell phone fall within the exception of a care-taking function. (T. at 33, 46-47). He did not return to the vehicle with an investigatory purpose. However, once he reached into the vehicle he observed an odor or burnt marijuana and then saw a multi-colored marijuana pipe in plain view in the console under the stereo. (T. at 33, 47). He also observed the arm rest/console between the front seats was open and that a cup was located in the console with what appeared to be a baggie of marijuana inside. (T. at 49).

Plain view

**{¶21}** In *Harris v. United States,* 390 U.S. 234, 236, 88 S.Ct. 992, 19 L.Ed.2d 1067 (1968), the United States Supreme Court held "it has long been settled that objects falling in plain view of an officer who has a right to be in the position to have that view are subject to seizure and may be introduced in evidence." In *Texas v. Brown,* 460 U.S. 730, 738, 103 S.Ct. 1535, 75 L.Ed.2d 502 (1983), then Justice Rehnquist explained the plain view doctrine does not set limitations on "open view" sightings:

**{¶22}** " * * *objects such as weapons or contraband found in a public place may be seized by the police without a warrant. The seizure of property in plain view involves no invasion of privacy and is presumptively reasonable, assuming there is probable cause to associate the property with criminal activity." * * * "[P]lain view" provides

grounds for seizure of an item when an officer's access to an object has some prior justification under the Fourth Amendment. (Citations omitted.)

**{¶23}** In Katz, *Ohio Arrest, Search and Seizure,* Section 13.01, at 214 (1997 Ed.), a two part test is set forth that must be met to justify a plain view search and seizure: the "intrusion affording the plain view must be lawful" and the "incriminating nature of the evidence must be immediately apparent to the seizing authority."

**{¶24}** Based on the facts as presented in this case, we find that Officer Bloodhart's actions in returning to Appellant's vehicle were lawful as he was performing a safe-keeping/care-taking function in turning off the engine, collecting Appellant's purse and cell phone and locking the vehicle. Accepting the officer's testimony as true, the pipe and marijuana were in plain view. Given this plain view observation we find the trial court did not err in denying Appellant's motion to suppress.

**{¶25}** Based on the foregoing, we find Appellant's First and Second Assignments of Error not well-taken and overrule same.

**{¶26}** For the foregoing reasons, the decision of the Municipal Court of Ashland County, Ohio, is affirmed.

By: Wise, J.
Gwin, P. J., and
Baldwin, J., concur.


JWW/d 0304