[Cite as *State v. Council*, 2017-Ohio-9047.]

STATE OF OHIO, MAHONING COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO, | ) | CASE NO. 16 MA 0133 |
| | ) | |
| PLAINTIFF-APPELLEE, | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| CARLTON COUNCIL, | ) | |
| | ) | |
| DEFENDANT-APPELLANT. | ) | |

CHARACTER OF PROCEEDINGS:     Criminal Appeal from the Court of
                             Common Pleas of Mahoning County,
                             Ohio.
                             Case No. 2015 CR 759

JUDGMENT:                    Affirmed and Remanded.

APPEARANCES:

For Plaintiff-Appellee:      Atty. Paul J. Gains
                             Mahoning County Prosecutor
                             Atty. Ralph M. Rivera
                             Assistant Prosecuting Attorney
                             21 West Boardman Street, 6th Floor
                             Youngstown, Ohio  44503

For Defendant-Appellant:     Atty. Samuel G. Amendolara
                             860 Boardman-Canfield Rd.
                             Suite 204
                             Youngstown, Ohio 44512

JUDGES:

Hon. Carol Ann Robb
Hon. Gene Donofrio
Hon. Mary DeGenaro

                                             Dated:  December 13, 2017

ROBB, P.J.

{¶1} Defendant-Appellant Carlton Council appeals the Mahoning County Common Pleas Court's decision denying his suppression motion. The issue in this appeal involves the interpretation of R.C. 2152.19(F), the statute concerning the search of a juvenile probationer's residence and how far that search can extend. For the reasons expressed below, this court concludes R.C. 2152.19(F) permits an officer to search the residence of a juvenile probationer, including the parent's bedroom. The denial of the suppression motion is hereby affirmed.

Statement of the Case

{¶2} Appellant was staying at his girlfriend's, Monique White, residence. He was sharing her bedroom and, at the least, was an overnight guest in her house. Monique White's juvenile son, M.W., was on juvenile probation. M.W. posted a picture on social media where he appeared to be holding an assault rifle. The probation department saw the picture and conducted a search of the residence. During the search they were looking for the alleged assault rifle and for M.W.'s brother, a fugitive in another case; the authorities believed M.W. was helping his brother hide.

{¶3} During the search, M.W.'s room and the common areas of the house were searched. Monique White's bedroom, where she and Appellant slept, was also searched and the officers found a lock box.

{¶4} The lock box was allegedly big enough to hold the assault rifle. Upon finding the lock box, Monique White and Appellant were asked if they owned the lock box or knew the contents of lock box. Both denied ownership. Appellant stated the box belonged to his grandfather and he was keeping it for his grandfather while he was in the hospital. Monique White told the probation officer Appellant would likely knew more about the box and its contents. She stated she believed there was a handgun located inside the box.

{¶5} The lock box was then forced open. Inside drugs were found along with credit cards and loyalty cards belonging to Appellant and Monique White.

**{¶6}** As a result, a joint indictment charged both Appellant and Monique White with drug possession. Counts 1, 3, 5, 7, 9, and 11 were specific as to Appellant. He was charged with four counts of possession of drugs in violation of R.C. 2925.11(A)(C)(2)(a), fifth degree felonies; one count of possession of drugs in violation of R.C. 2925.11(A)(C)(2)(b), a fourth degree felony; and one count of possession of drugs in violation of R.C. 2925.11(A)(C)(6)(e), a first degree felony. The drugs found were methandrostenolone, stanozolol, clonazepam, diazepam, and heroin. Counts 1, 3, 5, and 7 were elevated to fifth-degree felonies because Appellant had previously been convicted of a drug abuse offense. The indictment also contained a forfeiture specification pursuant to R.C. 2981; it was alleged Appellant and Monique White acquired $11,120 through the commission of a felony drug abuse offense. 8/6/15 Indictment.

**{¶7}** Appellant and Monique White filed individual motions to suppress. In his motions to suppress, Appellant argued the search of his and Monique White's bedroom was not authorized by R.C. 2152.19(F). The grant of authority in the statute is limited to where the parent or guardian expressly or impliedly permits the juvenile probationer to use, occupy, or possess. Since the lock box was in Appellant and Monique White's bedroom and the child did not have express or implied permission to use the lock box, the search exceeded the scope. 12/8/15 and 12/18/15 Appellant's Motions to Suppress.

**{¶8}** In opposing the suppression motions, the state argued Monique White consented to a warrantless search of her residence as a condition of M.W.'s probation. 11/10/15 Motion in Opposition to Suppression[1]; 1/28/16 State's Supplemental Motion in Opposition to Suppression Motions. It asserted the consensual warrantless search extended to the lock box because it was big enough to conceal the assault rifle. 11/10/15 Opposition Motion.

---

[1]The record does not contain Monique White's motion to suppress. However, it does contain the state's opposition to the motion to suppress; the state relied on that opposition motion to oppose Appellant's suppression motions.

**{¶9}** A hearing on the suppression motions was cancelled because the parties agreed an oral hearing was not required. 12/21/15 J.E. The trial court denied the motions reasoning R.C. 2152.19(F) indicates a permissible search extends "to a place of residence that the parent 'expressly or impliedly permits the child to use, occupy or possess.'" 2/1/16 J.E. It further stated consent to search the residence would lead an objectively reasonable person to conclude that the scope included the entire house. 2/1/16 J.E.

**{¶10}** In May 2016, the state amended count 11, possession of heroin, to a third-degree felony. 5/12/16 J.E. The state and Appellant entered a plea agreement; Appellant pled no contest to all counts pertaining to him, agreed to the forfeiture, and the state agreed to recommend an aggregate 18 month sentence. 5/16/16 Plea. The trial court accepted the plea and set the matter for sentencing. 5/16/16 J.E.

**{¶11}** Appellant was sentenced to an aggregate 24 month sentence. 8/22/16 J.E. He received 12 months each on counts 1, 3, 5, and 7; 18 months on count 9; and 24 months on count 11. 8/22/16 J.E. All sentences were ordered to run concurrently. 8/22/16 J.E.

**{¶12}** Appellant timely appealed the suppression ruling.

**{¶13}** It is noted the trial court's final judgment entry indicates Appellant pled guilty. That is an inaccurate statement. The transcripts of the plea hearing and the sentencing hearing clearly indicate Appellant pled no contest. 5/12/16 Plea Tr. 5, 11-12; 8/3/16 Sentencing Tr. 3-4. The trial court accepted the plea. 5/12/16 Plea Tr. 12. The purpose of entering the no contest plea was to preserve the suppression issue for appeal. 5/12/16 Plea Tr. 4-5. We order the trial court to issue a nunc pro tunc entry indicating Appellant entered a no contest plea. A nunc pro tunc judgment entry is appropriate because the original judgment entry contains a typographical error. *State v. Marks*, 7th Dist. No. 868, 2002-Ohio-6267, ¶ 28 (Nunc pro tunc orders are to correct mathematical calculations and to correct typographical or clerical errors.).

Assignment of Error

"The trial court erred in denying suppression by extending the ability of authorities to search, pursuant to R.C. 2151.19(F), beyond the limits of that section

and into a room exclusively outside of the probationer's control, access and possession in violations of the Fourth Amendment of the United States Constitution and Section 14, Article I of the Ohio Constitution."

{¶14} Appellant argues the warrantless search of Monique White's room where he was staying violated his Fourth Amendment rights. Accordingly, the drugs and money found were a product of that warrantless search and should have been suppressed.

{¶15} The state argues Monique White consented to the search of an area used by both her and Appellant. Therefore, the warrantless search was permitted and the suppression ruling was correct.

{¶16} Appellate review of a motion to suppress presents a mixed question of law and fact:

> When considering a motion to suppress, the trial court assumes the role of trier of fact and is therefore in the best position to resolve factual questions and evaluate the credibility of witnesses. *State v. Mills* (1992), 62 Ohio St.3d 357, 366, 582 N.E.2d 972. Consequently, an appellate court must accept the trial court's findings of fact if they are supported by competent, credible evidence. *State v. Fanning* (1982), 1 Ohio St.3d 19, 1 OBR 57, 437 N.E.2d 583. Accepting these facts as true, the appellate court must then independently determine, without deference to the conclusion of the trial court, whether the facts satisfy the applicable legal standard. *State v. McNamara* (1997), 124 Ohio App.3d 706, 707 N.E.2d 539.

*State v. Burnside*, 100 Ohio St.3d 152, 2003-Ohio-5372, 797 N.E.2d 71, ¶ 8.

{¶17} The Fourth Amendment to the United States Constitution, as applied to the states through the Fourteenth Amendment, and Section 14, Article I of the Ohio Constitution, guarantees the right of the people to be free from unreasonable searches and seizures by the government. *State v. Orr*, 91 Ohio St.3d 389, 391, 745 N.E.2d 1046 (2001). In order to be valid, a search must be supported by a warrant or

be based on a recognized exception to the warrant requirement. *State v. Ambrosini*, 7th Dist. Nos. 14 MA 155, 14 MA 156, 2015–Ohio–4150, ¶ 8, citing *Katz v. U.S.*, 389 U.S. 347, 357, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967). Consent is one exception. *State v. McGee*, 7th Dist. No. 12 MA 123, 2013–Ohio–4165, ¶ 17, citing *State v. Akron Airport Post No. 8975*, 19 Ohio St.3d 49, 51, 482 N.E.2d 606 (1985). *See also Schneckloth v. Bustamonte*, 412 U.S. 218, 219, 93 S.Ct. 2041 (1973). Another exception is a probation search. *State v. Norman*, 2014-Ohio-5084, 21 N.E.3d 1153, ¶ 28 (12th Dist.), citing *United States v. Knights*, 534 U.S. 112, 122 S.Ct. 587 (2001). Under the probation search exception, "[w]hen an officer has reasonable suspicion that a probationer subject to a search condition is engaged in criminal activity, there is enough likelihood that criminal conduct is occurring that an intrusion on the probationer's significantly diminished privacy interests is reasonable." *Knights* at 121. *See also* R.C. 2967.131(C)(applies to parolees and others who have been released from a state correctional institution), R.C. 2152.19(F) (applies to juveniles), R.C. 2951.02(A) (applies to an adult probationer with a "nonresidential sanction").

**{¶18}** It is undisputed Appellant was an overnight guest and thus, he had a reasonable expectation of privacy in his host's home. *Minnesota v. Carter*, 525 U.S. 83, 89, 119 S.Ct. 469 (1998). It is also undisputed he shared a room with Monique White and this is where the drugs were found. Consent given by an occupant who shares or is reasonably believed to share the area with another occupant is a valid warrantless entry and search. *Georgia v. Randolph*, 547 U.S. 103, 106, 126 S.Ct. 1515 (2006), citing *Illinois v. Rodriguez*, 497 U.S. 177, 110 S.Ct. 2793 (1990). Thus, if Monique White consented to the search of the entire residence, then the search of Appellant and Monique White's shared bedroom did not violate the Fourth Amendment and suppression was not required.

**{¶19}** Given the facts of this case, there are two potential exceptions to the search warrant requirement – probation search and consent.

*Probation Search Exception*

**{¶20}** The juvenile probation search exception is codified in R.C. 2152.19(F). Monique White's son, M.W., resided with her and was on juvenile probation. It is

undisputed the search was performed because the probation officers had reasonable grounds to believe M.W. was not abiding by the terms of his probation; an officer saw a picture of M.W. on social media with an assault rifle. R.C. 2152.19(F) defines the scope of the search as:

> (F)(1) During the period of a delinquent child's community control granted under this section, authorized probation officers who are engaged within the scope of their supervisory duties or responsibilities may search, with or without a warrant, the person of the delinquent child, *the place of residence of the delinquent child*, and a motor vehicle, another item of tangible or intangible personal property, or other real property in which the delinquent child has a right, title, or interest or for which the delinquent child has the express or implied permission of a person with a right, title, or interest to use, occupy, or possess if the probation officers have reasonable grounds to believe that the delinquent child is not abiding by the law or otherwise is not complying with the conditions of the delinquent child's community control. The court that places a delinquent child on community control under this section shall provide the delinquent child with a written notice that informs the delinquent child that authorized probation officers who are engaged within the scope of their supervisory duties or responsibilities may conduct those types of searches during the period of community control if they have reasonable grounds to believe that the delinquent child is not abiding by the law or otherwise is not complying with the conditions of the delinquent child's community control. *The court also shall provide the written notice described in division (E)(2)[2] of this section to each parent, guardian, or custodian of the delinquent child who is described in that division.*

---

[2]"(E)(2)" appears to be a typographical error. When read in its entirety it appears the General Assembly meant this to be (F)(2). The version of R.C. 2152.19 in effect during the trial court proceedings did not have subsections to section (E).

(2) *The court that places a child on community control under this section shall provide the child's parent, guardian, or other custodian with a written notice that informs them that authorized probation officers may conduct searches pursuant to division (E)(1)[3] of this section.* The notice shall specifically state that a permissible search might extend to a motor vehicle, another item of tangible or intangible personal property, or *a place of residence* or other real property in which a notified parent, guardian, or custodian has a right, title, or interest and that the parent, guardian, or custodian expressly or impliedly permits the child to use, occupy, or possess.

(Emphasis added.)  R.C. 2152.19(F) (effective 9/15/14 to 4/15/17).

**{¶21}** Appellant argues R.C. 2152.19(F) only permits searches in areas of the residence where the juvenile probationer has express or implied permission to use, occupy, or possess.  Therefore, according to Appellant, the search performed in the matter at hand was not constitutionally permissible because Monique White's bedroom was searched and there was no indication M.W. had express or implied permission to use, occupy or possess his mother's bedroom.  Appellant implies the officers were only permitted to search common areas and M.W.'s bedroom.  In support of his position, Appellant cites us to the case law interpreting R.C. 2951.02(A), which is the adult version of R.C. 2152.19(F) – *State v. Nelson*, 1st Dist. No. C-150650, 2016-Ohio-5344 and *State v. Johnson*, 26 N.E.3d 243, 2014-Ohio-5400 (4th Dist.).

**{¶22}** We disagree with Appellant's position.  The plain language of this statute, specifically the above emphasized portions, indicates the juvenile probationer's status permits the search of his residence.  The written notice provided to the parent, guardian, or custodian advises of the probation officers right to search the residence.  Thus, the clear language of this statute permitted the search.  In

---

[3]"(E)(1)" appears to be a typographical error.  When read in its entirety it appears the General Assembly meant this to be (F)(1).  The version of R.C. 2152.19 in effect during the trial court proceedings did not have subsections to section (E).

reaching this decision, we note there is no case law on R.C. 2152.19(F) and the general case law on R.C. 2152.19 provides no guidance.

**{¶23}** Furthermore, the adult probationer cases cited by Appellant do not persuade us that the search in this case was not constitutionally permissible. Both cases cited by Appellant are adult probation cases where the probationer lived with other occupants as co-tenants. In both cases, the appellate courts held the probationer's status permits searches over areas the probationer is known to occupy or areas the probationer possesses common authority over. *Nelson*, 2016-Ohio-5344 at ¶ 11, citing *State v. Norman*, 2014–Ohio–5084, 21 N.E.3d 1153, ¶ 41 (12th Dist.); *Johnson*, 2014-Ohio-5400, ¶ 25. A probationer's actual or apparent authority, however, was determined to not extend to separately locked areas of the home. *Id.* at ¶ 13, citing *Norman*; *Johnson* at ¶ 27 (The state did not establish the probationer possessed common authority over co-tenant's padlocked bedroom.). In rendering its decision that the warrantless search of the co-tenant's padlocked bedroom was not constitutionally permissible, the *Johnson* court stated the case was a close call. *Johnson* at ¶ 28. The *Nelson* court did not decide if the probationer's status permitted the search of the co-tenant's unlocked bedroom because officer safety justified brief intrusion into co-tenant's bedroom and plain view exception applied to items seized in the co-tenant's bedroom. *Nelson* at ¶ 16, 19.

**{¶24}** While the cases cited by Appellant would be helpful in determining whether the probationer's status permits the search of co-tenant's bedroom, the case before does not deal with an adult probationer. An adult probationer living with a co-tenant is not equivalent to a juvenile probationer living with a parent, guardian or custodian who was notified of the probation officer's right to a warrantless search. Therefore, those cases are not instructive.

**{¶25}** In conclusion, given the plain language of the statute, we hold the juvenile probationer's status permitted the search of Monique White and Appellant's bedroom. The probation search exception applies to the matter at hand.

*Conclusion*

{¶26} The sole assignment of error lacks merit. The trial court's denial of Appellant's suppression motion is affirmed. However, in order for the record to accurately reflect the trial court's proceedings, the matter is remanded to the trial court and it is ordered to enter a nunc pro tunc entry indicating Appellant entered a no contest plea, not a guilty plea.

Donofrio, J., concurs.

DeGenaro, J., concurs.